Lebowitz Unemployment Compensation Case.

Argued September 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Philip Goldberg,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., November 16, 1961:

The appellant left his employment on or about September 1, 1960 because his parents, who had previously moved to Florida to go into the restaurant business there, insisted that the appellant, who was then twenty years old, terminate his Philadelphia employment and come to live with them in Florida. He states that, being under twenty-one, he felt obligated to comply with their wishes. The board held that he was not entitled to compensation since his unemployment was due to leaving work because of a filial obligation or circumstance.

Section 402(b) of the Unemployment Compensation Act, as amended by the Act of December 17, 1959, P. L. 1893, §8, 43 PS §802(b)(2)(II), provides that an employe shall be ineligible for compensation for any week in which his unemployment is due to leaving work because of a marital, filial or other domestic obligation or circumstance. There is a proviso in this amendment to exclude its operation when "the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family; and such work is not within a reasonable commuting distance from the new locality to which the employe has moved." There is no evidence or contention here that the claimant was or had been

the sole or major support of his parents. Therefore the amendment applies to exclude him from compensation.

The claimant relies upon the case of *Savage Unemployment Compensation Case*, 401 Pa. 501, 165 A. 2d 374 (1960). This case is inapplicable because it arose prior to the effective date of the 1959 Amendment at a time when the act did not contain the clause providing that marital, filial or other domestic obligation or circumstance should not be deemed good cause for leaving work. This clause, which first appeared in the 1953 Amendment to the act, was eliminated in the 1955 Amendment but was reinstated by the 1959 Amendment above quoted.

The appellant also argues that his separation from his employment was not in fact voluntary because he was legally obligated, as a minor, to comply with the request of his parents to go with them to Miami. However, even if we assume that his separation was not voluntary, he is nevertheless disqualified by the language of the amendment. Section 402(b)(1) provides for ineligibility in the case of one whose unemployment is due to "voluntarily leaving work without cause of a necessitous and compelling nature". However, the section with which we are concerned, Section 402(b)(2), immediately following, provides for ineligibility where the unemployment is "due to leaving work . . . because of a marital, filial or other domestic obligation or circumstance . . ." In Section 402(b)(2), in contrast to Section 402(b)(1), the word "voluntarily" is conspicuous by its absence.

However worthy his motives in leaving his employment, the appellant's action in this case is clearly within the classification excluded from unemployment compensation benefits by the legislature under Section 402(b)(2) of the law as it is currently effective.

Decision affirmed.