## Cochran Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Sanford S. Finder,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., January 16, 1962:

Mary Helen Cochran was last employed as an assembler by Sylvania Electric Company, Altoona, Pennsylvania. Her final day of work was January 13, 1961. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had voluntarily terminated her employment without cause of a necessitous and compelling nature and that she was therefore disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that claimant had been employed by Sylvania Electric Company for over ten years. Apparently she lived in the Altoona area during that period. In July 1960, claimant married John W. Cochran, who was the manager of a furniture store in Johnstown. She and her husband thereafter resided in Johnstown, and claimant commuted to her work in

Altoona. In January 1961, the husband was transferred to Washington, Pennsylvania, and claimant voluntarily terminated her employment to go with her husband. It is conceded that continuing work was available.

By the Act of December 17, 1959, P. L. 1893, the Legislature amended Section 402 of the statute so that it now reads (43 P.S. 802) in pertinent part as follows: "An employe shall be ineligible for compensation for any week . . . (b) . . . (2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved".

This is the first appeal to raise an issue under the new amendment. There is no question that claimant's work in Altoona was not within a reasonable commuting distance from Washington. The Referee, affirmed by the Board, disallowed the application for benefits on the basis of the following finding of fact: "3. The claimant was not the sole or major support of the family". Counsel for claimant contends on this appeal that the wife was the sole support of the family "by reason of her husband being compelled to provide funds for an indigent mother and two minor children by a former marriage".

At the hearing before the Referee, claimant testified as follows (italics supplied): "Q. What does your

husband do? A. He was employed as manager of a furniture store. Q. What was his salary? A. $100.00 a week. Q. And you were earning approximately how much? A. $75.00 a week. Q. He contributed more to the household than you did? A. Yes, naturally. *Q. You were not the major support of the family? A. No"*. At the remand hearing, claimant's husband testified that he was contributing $12.50 a week to an adult son; that he contributed $15.00 a week to another son, apparently a minor; and that he had contributed $30.00 a week for the support of his mother. It was his position that there remained a maximum of $43.50 a week for the support of his present household, as contrasted with the wife's earnings of $75.00 per week. During the course of the husband's testimony it was developed that the older son had graduated from Gettysburg College and was a student in the seminary; further, that the mother had passed away on May 30, 1961.

A study of the history of the development of Section 402(b)(2) indicates that it was clearly the intention of the Legislature to render ineligible for benefits a claimant who leaves work because of marital, filial or domestic obligations, unless the particular claimant involved falls within the currently effective statutory exception. It is readily apparent in the case at bar that the Referee, affirmed by the Board, was warranted in concluding that the husband's testimony did not vitiate the wife's unequivocal and unaltered statement that she was not the major support of the family. Findings of fact by the compensation authorities, if supported by the evidence, are conclusive upon appeal. See *Rosemas Unemployment Compensation Case*, 195 Pa. Superior Ct. 245, 171 A. 2d 534.

Decision affirmed.