## Dawkins Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Rosie Lee Dawkins,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 21, 1962:

The claimant, Rosie Lee Dawkins, in this unemployment compensation appeal, was last employed by Alvin Lash Wholesale Shirt Laundry, Philadelphia, Pennsylvania, on November 18, 1960. At that time she terminated her employment to go to Buffalo, New York, to take care of her sister's mentally retarded son and home. Continued work was available.

The Bureau of Employment Security and the Referee concluded that the claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature and this disqualified her from benefits under the provisions of §402(b)(1), 43 PS §802(b)(1), of the Unemployment Compensation Law. The Unemployment Compensation Board of Review affirmed but modified this decision by disqualifying the claimant from benefits under §402(b)(2) of the Unemployment Compensation Law, 43 PS §802(b)(2).

The findings of the Board are supported by competent evidence, that she left her work in order to care for her sister's child and home, outside the state. Section 402(b), 43 PS Sec. 802(b), was amended by the Act of December 17, 1959, P. L. 1893, to exclude the performance of domestic obligations as the required "necessitous and compelling" reasons for leaving work. "The pertinent part of this amendment makes the claimant ineligible for benefits, '. . . in which his or her unemployment is due to leaving work . . . (II) because of a marital, filial or other domestic obligation or circumstance . . .'". *Buchko Unemployment Compensation Case,* 196 Pa. Superior Ct. 559, 175 A. 2d 914 (1961).

Decision affirmed.