Brown Unemployment Compensation Case.

Argued March 21, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William L. McLaughlin,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 18, 1963:

Mabel C. Brown was last employed as a presser by the Wayne Laundromat, 166 East Lancaster Avenue, Wayne, Pennsylvania. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had voluntarily terminated her employment without cause of a necessitous and compelling nature, and was disqualified under the provisions of Section 402(b)(2) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 402(b)(2), 43 P. S. 802(b)(2). This appeal followed.

Mrs. Brown is a married woman with a number of small children. Sometime in August 1961, the exact date does not appear, her baby sitter secured other employment "so I told my employer I couldn't work anymore because I didn't have anyone to watch the children". Until the employer found a replacement,

an interval of approximately one month, Mrs. Brown worked part time. During that period her mother assisted with the children on a temporary basis. The instant claim was filed on January 30, 1962, on which date Mrs. Brown secured another baby sitter.

Our review of this record clearly discloses that Mrs. Brown voluntarily terminated her employment. "I quit because I had no baby sitter". Section 402 of the statue reads as follows: "An employe shall be ineligible for compensation for any week . . . (b) . . . (2) in which his or her unemployment is due to leaving work . . . (II) because of a marital, filial, or other domestic obligation or circumstance . . ." As we stated in Cochran Unemployment Compensation Case, 197 Pa. Superior Ct. 149, 177 A. 2d 26: "A study of the history of the development of Section 402(b)(2) indicates that it was clearly the intention of the Legislature to render ineligible for benefits a claimant who leaves work because of marital, filial, or domestic obligations, unless the particular claimant involved falls within the currently effective statutory exception".

It is contended on this appeal that claimant's employment status changed from full time to part time, and that the latter status was terminated by the action of the employer in hiring a replacement. The record does not support this contention. It plainly appears that claimant did not consider herself a part time employe on a permanent basis, but only until the employer secured a replacement. This is evidenced by the fact that she did not file a claim in September 1961, when she ceased working part time, but waited until January 1962 when she secured a baby sitter and was in position to work again on a full time basis.

Decision affirmed.