Arrowsmith Unemployment Compensation Case.

Argued March 4, 1963.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

2

*Ulric J. McHale,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., April 18, 1963:

In this unemployment compensation case the claimant, June B. Arrowsmith, was denied benefits under the provisions of §402(b)(2) of the Unemployment Compensation Law, 43 PS §802(b)(2) and §401(f) of the Unemployment Compensation Law, 43 PS §801(f). The Bureau denied benefits; the Referee granted benefits; and the Unemployment Compensation Board of Review reversed the referee and denied benefits.

The claimant had been employed as a secretary by the Hendrick Manufacturing Company, Carbondale, Pennsylvania, at $250 per month. She was married on July 15, 1961 and, at that time, her husband was unemployed but arranging to attend a G.I. school starting September 6, 1961 in Williamsport, Pennsylvania. On October 20, 1961 she voluntarily left her employment to join her husband in Williamsport. Continuing employment with the Hendrick Manufacturing Company was available to her.

While in Williamsport she obtained employment through the employment service as a secretary for the Tetley Tea Company, which job only lasted one week. She earned $68 in this employment and her last day of work was November 9, 1961.

The record discloses that she filed an application for benefits with the bureau prior to the application

upon which this appeal is based but learned that she was ineligible. She testified: "I didn't know about the major support part." The exception provided in §402(b)(2), supra, reads as follows:

"An employe shall be ineligible for compensation for any week ... (2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved."

She filed this appeal on May 31, 1962 and contends that she qualifies for benefits in that the three months and five days from the date of her marriage, July 15, 1961, until October 20, 1961, that she claims she was the sole or major support of her family, constituted a substantial part of the six months' requirement contained in the above section and so could qualify under the earnings qualification set forth in §801(f), supra.

It is true that the amendment of 1959, §402(b)(2) does not say that she must be the sole or major support of her family for the entire six months period prior to leaving but only during a substantial part thereof but the intent of the legislature was clearly to fix a six months minimum to the family status as otherwise it was useless to insert in the amendment any fixed period of time.

Unless she qualified under the exception she was clearly not entitled to unemployment compensation. *Domico Unemployment Compensation Case*, 198 Pa.

Superior Ct. 327, 181 A. 2d 731 (1962); *Dawkins Unemployment Compensation Case,* 197 Pa. Superior Ct. 427, 178 A. 2d 775 (1962); *Buchko Unemployment Compensation Case,* 196 Pa. Superior Ct. 559, 175 A. 2d 914 (1961); *Cochran Unemployment Compensation Case,* 197 Pa. Superior Ct. 149, 177 A. 2d 26 (1962); *Lebowitz Unemployment Compensation Case,* 196 Pa. Superior Ct. 472, 175 A. 2d 150 (1961).

The record is incomplete as to the contribution of her husband to the joint household and the case would have to be remanded if we decided that she falls within the exception. It was not the intention of the legislature, by the insertion of this humanitarian provision to take care of unfortunate situations that do arise in marital cases, to have it used as a device to help finance new marriages with the unemployment compensation fund. The legislature, therefore, required that the relationship be in existence for the six months period. The legislature has had this problem before it ever since the adoption of the unemployment compensation Act and has tried to solve it by frequent amendments. The insertion of the six months period in the last amendment indicates an intention of controlling situations such as the instant case.

Decision affirmed.

---

DISSENTING OPINION BY FLOOD, J.:

I do not see how it can be held that more than half of the six months' period in question is not "a substantial part of the six months", which is the language of Section 402(b)(2) of the Act. We have in many situations held a claimant barred when he failed to conform to the literal meaning of the statute. I find no justification for not interpreting the act literally when it favors him. Here the majority has barred the claimant

because of the presumed intention of the legislature which does not appear in the language of the statute, but is arrived at only by writing out of the act the words "a substantial part of", or by writing in a provision that the marital status must exist for the whole six months.