## McConnell Unemployment Compensation Case.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John W. Beatty,* with him *Knox, Weber, Pearson & McLaughlin,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 16, 1964:

Albin J. McConnell was last employed by Gimbel's Department Store in Yonkers, New York. His final day of work was December 2, 1963. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature, and was disqualified under the provisions of Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 402(b)(1), 43 P.S. 802(b)(1). This appeal followed.

The record discloses that, on July 21, 1963, claimant had a valid separation from employment with the

Interlake Iron Corporation in Erie, Pennsylvania, and began collecting unemployment compensation benefits. During this period claimant lived in Erie with his wife and four minor children. On October 20, 1963, following a quarrel with his wife, claimant went to New York to live with his father. He eventually secured employment at Gimbel's Department Store in Yonkers. He worked there until December 2, 1963, on which date he returned to Erie. There is no question that he terminated his employment voluntarily, that he was not laid off or discharged, and that continuing work was available. He testified that he and his wife resolved their differences in a telephone conversation, and that he returned to his family because, as stated in his brief, "they needed his love, affection and support".

It is contended on this appeal that the personal reasons which motivated claimant's return to Erie were of a necessitous and compelling nature within the meaning of Section 402(b)(1) of the statute. Claimant relies on *Savage Unemployment Compensation Case,* 401 Pa. 501, 165 A. 2d 374. It is sufficient to point out that the *Savage* case was decided under the amendment of March 30, 1955, which removed the exception placed in the statute by the amendment of August 24, 1953. Claimant entirely overlooks the later and most recent amendment of December 17, 1959, P. L. 1893, which expressly provides that a claimant shall be ineligible for compensation for any week in which his or her unemployment is due to leaving work "because of a marital, filial or other domestic obligation or circumstance". Cf. *Lebowitz Unemployment Compensation Case,* 196 Pa. Superior Ct. 472, 175 A. 2d 150.

Decision affirmed.