Paul E. Crumbling, Sr., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 6, 1974, before Judges Crumlish, Jr., Kramer and Blatt, sitting as a panel of three.

*Fred Kilgore,* with him *Samuel S. Laucks, Jr.* and *Laucks & Monroe,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., August 1, 1974:

Paul E. Crumbling, Sr., claimant, last worked as a pneumatic tube installer for Mosler Airmatics System

Division, Wayne, New Jersey, his last day of employment being May 31, 1973. On this date, claimant terminated his employment in order to care for his wife at their residence in Wrightsville, Pennsylvania where she was recovering from a traumatic experience which need not be detailed here. Claimant's work had required travelling to job sites three hundred to four hundred miles from his home, and where he was lodged for the week, returning to Wrightsville only on weekends. Before quitting, he had asked his employer for a leave of absence or a transfer to job sites nearer his home to enable him to give daily attendance to his distraught wife.

Claimant applied for unemployment compensation on June 3, 1973. The Bureau of Employment Security and a referee ruled claimant ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Exec. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), because he had voluntarily left his employment without necessitous and compelling cause. On appeal, the Unemployment Compensation Board of Review (Board) modified this determination to find claimant disqualified because his termination was due to "marital, filial or other domestic obligations" within the purview of Section 402 (b)(2), 43 P.S. §802(b)(2). We agree, and therefore affirm.

In appeals of this nature, where the decision of the Board is against the party with the burden of proof, our review is limited to whether or not the Board's findings of fact are consistent with each other and with the conclusions and order of the Board, and whether they can be sustained without a capricious disregard of competent evidence. *Zysk v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 409, 316 A. 2d 663 (1974); *Diller Unemployment Compensation Case*, 200 Pa. Superior Ct. 235, 188 A. 2d 844 (1963).

Section 402(b)(2), which was amended to its present form in 1959,[1] provides as follows:

"An employe shall be ineligible for compensation for any week—

"(b)(2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: Provided, however, that the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved."

This provision has been consistently construed to negate, as grounds for "necessitous and compelling" cause under Section 402(b)(1), a voluntary termination attributable to such "marital or domestic obligations or circumstances" as the necessity of caring for ill family members or small children. *Hainzer Unemployment Compensation Case,* 202 Pa. Superior Ct. 172, 195 A. 2d 842 (1963); *Brown Unemployment Compensation Case,* 200 Pa. Superior Ct. 530, 190 A. 2d 178 (1963); *Dawkins Unemployment Compensation Case,* 197 Pa. Superior Ct. 427, 178 A. 2d 775 (1962). The only decision to the contrary is *Savage Unemployment Compensation Case,* 401 Pa. 501, 165 A. 2d 374 (1960), which held that an employee's voluntary termination of work to care for his disabled wife 60 miles from his prior place of employment was for necessitous and compelling reasons. When *Savage* was decided, the marital or domestic obligation exception of Section 402(b)(2)

---

[1] Act of December 17, 1959, P. L. 1893, §8.

introduced in 1953[2] had been repealed,[3] and the Court properly inferred from this legislative history that such obligations could constitute necessitous and compelling cause for a voluntary termination. This exception was reenacted in 1959, however, and therefore the reasoning of *Savage* must bow to the express mandate of the Legislature. *See McConnell Unemployment Compensation Case*, 204 Pa. Superior Ct. 469, 205 A. 2d 616 (1964); *Lebowitz Unemployment Compensation Case*, 196 Pa. Superior Ct. 472, 175 A. 2d 150 (1961).

Claimant argues that Section 402(b)(2) is inapplicable because it was the extreme distance to work in conjunction with his wife's difficulties which made his continued employment unsuitable. The record does not support this contention, but even if it did, it is apparent that the referee as well as the Board chose to believe that claimant's motivation in quitting his job was to care for his wife. As this involves a review of the credibility of the witness, we are bound by the factfinder's determination. *Cornyn v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 447, 316 A. 2d 158 (1974).

We must also agree with the Board that claimant's situation does not come within the proviso to Section 402(b)(2). As the Superior Court said in *Cochran Unemployment Compensation Case*, 197 Pa. Superior Ct. 149, 152, 177 A. 2d 26, 27 (1962): "It was the intention of the legislature to render ineligible for benefits a claimant who leaves work because of marital, filial or domestic obligations, unless the particular claimant involved falls within the currently effective statutory exception." Here, claimant was required to establish (1) that he was the sole or major support of his family for a substantial part of the six months prior to

---

[2] Act of August 24, 1953, P. L. 1397, §402.

[3] Act of March 30, 1955, P. L. 6, §5.

quitting his employment or filing for unemployment compensation; *and* (2) his "prior work is not within a reasonable commuting distance from *the new locality to which the employee has moved.*" (Emphasis added.) Although there is evidence of record to meet the first element, claimant has not moved to a new locality in returning to his prior residence in Wrightsville to be with his wife throughout the week. *See Savage Unemployment Compensation Case, supra.*

The extraordinary facts of this case move us to sincerely sympathize but we are bound by "the known certainty of the law."

### ORDER

AND Now, this 1st day of August, 1974, the Order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.