Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Donald F. Barnett, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Barry A. Brown*, with him *Edwin B. Barnett*, and *Strong, Barnett, Hayes & Quinn*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 2, 1975:

Donald F. Barnett (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee denying Claimant benefits.

While Claimant was employed as a bartender on the evening shift (6:00 P.M. until 2:00 A.M.) Claimant's wife became seriously ill and was unable to care for their nine children. Claimant, of necessity, had to be at home in the evenings to care for his wife and the children. Claimant resigned when his employer informed him that day work was unavailable although Claimant was then, and is now, available for daytime employment.

The referee concluded that Claimant's reason for voluntarily leaving his work was not a "good cause" within Section 402(b)(1) of the Unemployment Compensation Law (Act).[1] On appeal, the Board modified this determination and found Claimant to be unqualified under Section 402(b)(2) of the Act, 43 P.S. §802(b)(2), because his termination had been due to marital obligations. While we sympathize with Claimant and those in like unfortunate situations, we are bound, as is the Board, by legislative prescription. We, therefore, affirm the Board and dismiss the appeal.

Section 402(b)(2) of the Act, 43 P.S. §802(b)(2) provides that an employee shall be ineligible for benefits when his unemployment is due to leaving work "(II) because of a marital, filial or other domestic obligation or circumstance."

We have exhaustively reviewed the authorities in this area of unemployment compensation eligibility and conclude that *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A. 2d 746 (1974), construing Section 402(b)(2), controls the instant case.

In *Crumbling*, we held that Section 402(b)(2) of the Act negates, as grounds for a "necessitous and compelling cause" under Section 402(b)(1), a voluntary termination attributable to such domestic obligations as the necessity of caring for ill family members or small children.

Following *Crumbling*, therefore, we must hold that Claimant, by voluntarily leaving his work as a night-shift bartender in order to care for his severely ill wife and nine children, is ineligible for unemployment compensa-

---

1. Act of December 5, 1936, Second Exec. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). This section provides an exception, for causes of a "necessitous and compelling nature" to the general rule of ineligibility for benefits upon voluntarily leaving work.

tion benefits notwithstanding his efforts to obtain a transfer to the day shift. We, therefore, enter the following

ORDER

AND NOW, this 2nd day of December, 1975, the Order of the Unemployment Compensation Board of Review is affirmed.