Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* David L. Jenkins, Appellant.

Argued October 29, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Michael Saltzburg,* with him *Daniel P. McDyer,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 29, 1976:

David L. Jenkins (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee denying him benefits.

The referee found that Claimant was employed as a sales representative, that his travel in the course of his employment required him to be absent from his home five nights of the week, and that he voluntarily terminated his employment because his wife's illness required him to be at home every night.

The referee concluded that Claimant was not eligible for benefits because he voluntarily terminated his employment due to domestic circumstances. The Board affirmed and dismissed the appeal.

Two issues are before us for resolution:

1) Whether an employee, whose duties require extensive absence from his home who voluntarily terminates his employment so that he may attend his ailing wife is ineligible for unemployment compensation benefits under Section 402 (b) (2) of the Unemployment Compensation Law (Act)[1];

2) Whether Section 402 (b) (2) violates Claimant's right to equal protection of the law.

Unfortunately for Claimant and those in like situations, we are bound, as is the Board, by legislative prescription. We must affirm the Board and dismiss the appeal.

Section 402 of the Act, 43 P.S. §802, provides that:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . .

(2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: *Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved.*" (Emphasis added.)

In *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A. 2d 746

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b) (2).

(1974), we construed Section 402. In that case, the Claimant's work required him to travel to job sites three to four hundred miles from his home. He returned home only on the weekends. Claimant's wife was ill and required his presence at home on a daily basis. When he was unable to transfer close to his home, he voluntarily left his employment. We held that Section 402 (b) (2) was intended to *negate,* as grounds for "necessitous and compelling" cause under Section 402 (b) (1), a voluntary termination attributable to "marital or domestic obligation or circumstances" such as caring for ill family members.

Claimant asks us to reconsider *Crumbling* and urges that our construction of the applicability of the proviso in Section 402 (b) (2) of the Act renders it meaningless where the voluntary termination was due to domestic or marital obligations.

In *Crumbling,* we answered a similar argument. We there held that a claimant who seeks to benefit by the statutory exception to ineligibility of Section 402 (b) (2) must show: (1) that he was the sole or major support of his family during a substantial part of six months prior to leaving his employment; *and* (2) his prior work is not within a reasonable commuting distance from *the new locality to which the employee has moved.* In *Crumbling,* as here, there is no evidence that claimant has *moved to a new locality* so that he could be with his ailing wife.

Claimant argues that the second requirement (that Claimant's employment is not within a reasonable commuting distance from the new locality) is applicable only where the cause of voluntary termination falls within the first of the two reasons set forth in Section 402 (b) (2), viz: "(I) *to accompany or to join his or her spouse in a new locality."* (Emphasis added.) We reject this argument. *Both* conditions of the proviso apply to both reasons for voluntary termination as outlined in Section 402 (b) (2) (I) and (II).

Claimant postulates that the necessary result of this construction is that a claimant who asserts reason (II) (marital or domestic obligation) of Section 402(b)'(2) as his reason for leaving work will be ineligible for benefits unless he shows that he was the sole or major support of his family for six months *and* that his prior work is not within a reasonable commuting distance from the new locality to which he has moved. We agree.

Where we disagree, however, is Claimant's contention that the statute is subject to other interpretations. We think it is not. The applicability of the two conditions recited in the proviso of Section 402(b)(2) is clear and unambiguous.

Claimant argues further that *Pittsburgh Pipe and Coupling Co. v. Unemployment Compensation Board of Review (Savage Unemployment Case)*, 401 Pa. 501, 165 A. 2d 374 (1960) held that voluntarily leaving employment in order to fulfill domestic obligations is a cause of a necessitous and compelling nature. In *Crumbling*, we said that Section 402(b)(2) specifically limits the broad language of Section 402(b)(1) rendering a claimant eligible for benefits notwithstanding his voluntary termination when the termination was for a cause of a necessituos and compelling nature. These exceptions contained in Section 402(b)(2) of the Act were enacted after *Savage Unemployment Case* and therefore the reasoning in *Savage* is inapplicable here. *See Unemployment Compensation Board of Review v. Barrett*, 22 Pa. Commonwealth Ct. 144, 348 A.2d 434 (1975); *Crumbling, supra.*

Claimant further contends that there is substantial evidence to support a finding that he left his employment because his own mental and physical health were in jeopardy. The referee, however, in his third Finding of Fact, notes that Claimant left his employment because of his wife's illness. The Board, in considering the entire

record, concluded that the referee's conclusions were properly founded in the record.

This being so, the findings of the referee which are adopted by the Board and which are supported by substantial evidence are binding upon this Court. *Smith v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 304, 331 A. 2d 217 (1975). *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A. 2d 199 (1974). We have reviewed the record and conclude that there is substantial evidence to support the findings of the referee.

Finally, we turn to Claimant's contention that Section 402(b)(2) denies him equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. Claimant argues that Section 402 (b)(2) creates two classes of unemployed persons, viz: one composed of persons who *left work* due to domestic obligations and the other class being persons who *refused work* because of domestic obligations. This contention has no merit.

In dealing with constitutional challenges to legislation, we are guided by the principle that legislative enactments are presumed to be constitutional and there is a heavy burden upon challengers to show a clear and palpable constitutional violation. *Hetherington v. McHale,* 10 Pa. Commonwealth Ct. 501, 311 A. 2d 162 (1973).

In *Spotts Unemployment Case,* 176 Pa. Superior Ct. 484, 109 A. 2d 212 (1954), the then applicable provision of the Act[2] which denied benefits to persons who voluntarily left work because of domestic obligations was held not to violate the equal protection guarantee of the Fourteenth Amendment to the United States Constitution. Claimant is mistaken when he aruges that the denial of

---

2. *Spotts Unemployment Case* dealt with the 1953 Amendment to the Act which negated, as "good cause," leaving work voluntarily due to marital, filial, and domestic circumstances and obligations.

benefits to those who voluntarily leave work because of domestic obligations is unreasonable and arbitrary. The policy of the legislation is to relieve the economic hardship of *sudden unemployment* and to provide temporary assistance in the resulting economic burden, *Graham v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 445, 322 A. 2d 807 (1974). It is neither unreasonable nor unrelated to the purposes of the Act[3] for the legislature to deny benefits to those who *voluntarily* leave work because of domestic obligations.

Finally, Claimant argues that *Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A. 2d 866 (1973) and *Myers v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 281, 330 A. 2d 886 (1975), stand for the proposition that individuals who condition their availability for employment to certain shifts or part-time hours because of domestic obligations are eligible for unemployment compensation benefits. His reliance upon these cases is misplaced. *Hunt* and *Myers* hold that a claimant's self-imposed limitations will render him "unavailable for work" and therefore *in*eligible for compensation when the limita-

---

3. Claimant cites *United States Department of Agriculture v. Moreno*, 413 U.S. 528, 93 S. Ct. 2821 (1973) and *Reed v. Reed*, 404 U.S. 71, 92 S. Ct. 251 (1971) for the proposition that a state may not grant benefits to some and refuse benefits to others if the disparate treatment promotes no legitimate state purpose. *Moreno* involved alleged discrimination against "hippie communes" by means of an amendment to the Food Stamp Act which rendered ineligible for benefits any household containing an individual unrelated to any other member of the household. The U. S. Supreme Court held that this disparate treatment was unrelated to the purposes of the Food Stamp Act which were to maintain adequate nutrition and stimulate agricultural economy. In *Reed*, a state statute which provided that as between persons equally qualified to administer estates males must be preferred to females violated equal protection. These examples of arbitrary classifications having no rational basis are inapposite to the instant case.

134

tions are such as to effectively remove him from the labor market.

We therefore enter the following

ORDER

AND NOW, this 29th day of January, 1976, the Order of the Unemployment Compensation Board of Review (Number B-125488) is hereby affirmed.