Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania v. John J. Dolla, Appellant.

Submitted on briefs, January 8, 1976, to Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Steven Kachmar,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 18, 1976:
John J. Dolla's (Claimant) unemployment compensation claim was rejected by the referee and the Unemployment Compensation Board of Review (Board) affirmed.

Claimant worked in the State of Illinois for approximately two months prior to his termination. The referee found that Claimant voluntarily terminated his employment in order to return home to Pennsylvania with his mother who was in need of eye surgery. This being a voluntary termination for a filial obligation, he was declared ineligible for benefits under Section 402(b) of the Unemployment Compensation Law[1] (Act). The Board agreed. We reverse.

Section 402 of the Act, 43 P.S. §802, provides:
"An employee shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

"(2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(2).

spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: *Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved."* (Emphasis added.)

In *Unemployment Compensation Board of Review v. Jenkins,* 23 Pa. Commonwealth Ct. 127, 350 A.2d 447 (1976), we held that the general rule of ineligibility in the case of voluntary termination for filial obligations was not applicable where *both* conditions of the statutory exception to ineligibility were met. In other words, where a claimant was the sole or major support of his family for six months prior to the termination *and* where claimant's employment is not within a reasonable commuting distance from the new locality to which he has moved, then he may receive benefits despite the voluntary termination of his employment due to marital, filial, or domestic obligations or circumstances. In *Jenkins,* we denied benefits because there was nothing in the record indicating a geographical change. In *Unemployment Compensation Board of Review v. Milauskas,* 23 Pa. Commonwealth Ct. 218, 351 A.2d 291 (1976), we denied benefits because the claimant was not the sole or major support of the family.

Our standard of review in an unemployment compensation case where the Board found against the party having the burden of proof is to determine whether the Board's findings are consistent with each other and with the conclusions and order of the Board and whether com-

382

petent evidence had been ignored capriciously. *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974).

Here, neither the referee nor the Board made findings on the two issues which provide exceptions under Section 402(b)(2), that is, was Claimant the sole or major support of his mother during the six months preceding termination and was his new employment not located within a reasonable commuting distance from his prior situation. Since uncontroverted evidence was presented at the hearing to establish support for the exception, the referee and Board capriciously disregarded competent evidence and therefore erred in finding that Claimant is ineligible. Accordingly, the matter must be remanded to the Board to make findings of fact on these two issues.

ORDER

AND NOW, this 18th day of February, 1976, the order of the Unemployment Compensation Board of Review is reversed and the matter is remanded to the Board for proceedings consistent with this opinion.