Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania v. Esther L. Jones, Appellant.

Argued February 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John A. Felix,* with him *Fine, Eisenbeis, Felix & Burchanowski,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 24, 1976:

Appellant was employed as a packer on December 11, 1974, when her husband suffered a heart attack. Appellant notified her employer of her husband's illness and that she would be unable to return to work until her husband had recovered. Once her husband was discharged from the hospital, appellant notified her employer she would still have to care for him until his health improved. On February 18, 1975, when appellant again contacted her employer, she was informed that she had been replaced.

On February 23, 1975, appellant applied for unemployment compensation benefits, which were granted by the Bureau of Employment Security (Bureau). On appeal by her employer, after a hearing held on April 16, 1975, the referee reversed the Bureau and disallowed benefits. By order dated June 20, 1975, the Unemployment Compensation Board of Review (Board) affirmed the determination of the referee.

Appellant contends that when she first notified her employer of her misfortune, she was told her job would be waiting when she could return; that in effect she was given a leave of absence. Her employer disputed this claim. The referee found as a fact, which was affirmed by the Board, that after December 11, 1974, appellant did not report for work and did not request a leave of absence.

Findings of fact by the referee, affirmed by the Board, if supported by evidence, are binding on this Court. *Progress Manufacturing Co., Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A.2d 632

(1962) ; *Winkler v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975). In the instant case, whether a request for and the granting of a leave of absence took place was controverted. We must accept the judgment of the Board.

Appellant also asserts that even if she terminated her employment, it was for a necessitous and compelling reason which excuses voluntary terminations under Section 402(b(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(b)(1). This argument overlooks Section 402(b)(2) of the Law, 43 P. S. §802(b)(2), which provides, in part:

"An employe shall be ineligible for compensation for any week —

. . . .

"(b)(2) In which his or her unemployment is due to leaving work . . . (II) because of a marital, filial or other domestic obligation or circumstance. . . ."

The quoted provision negates, as grounds for necessitous and compelling cause under Section 402(b)(1) of the Law, a voluntary quit brought on by marital or domestic obligations. *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974). In *Crumbling,* this Court affirmed the denial of benefits to a claimant who had left his job, which required considerable travel from home, in order to care for his ill wife. Similarly, in *Mitchell v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 501, 336 A.2d 479 (1975), the claimant, who terminated employment to attend to his hospitalized brother, was denied benefits. *See Brown Unemployment Compensation Case*, 200 Pa. Superior Ct. 530, 190 A.2d 178 (1963) ; *Dawkins Unemployment Compensation Case*, 197 Pa. Superior Ct. 427, 178 A.2d 775 (1962).

Accordingly, we enter the following

454

ORDER

Now, February 24, 1976, the order of the Unemployment Compensation Board of Review, dated June 20, 1975, denying benefits to Esther L. Jones, is affirmed.