Nancy E. Dinges *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Nancy E. Dinges, Appellant.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Louise A. Howells,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 24, 1977:

This is an appeal by Nancy E. Dinges (appellant) from an order of the Unemployment Compensation Board of Review (Board), dated September 10, 1975, which was reinstated, after further hearings, on May 6, 1976. The Board reversed in part the decision of a referee and held that the appellant was ineligible for all benefits because she voluntarily terminated her employment due to "marital, filial, or other domestic obligations" within the purview of Section 402(b)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(2).

The appellant last worked as a punch press operator for the Ervite Corporation, Erie, Pennsylvania,

her last day of employment being January 10, 1975. Approximately three days prior to that date, the appellant was informed that her shift, the third, was to be eliminated. Due to her seniority, she was not laid off but was given the choice of working on the first or second shift. The record shows that her duties and her pay, allowing for a minor shift differential, would be the same. Initially, appellant Dinges indicated that she would work the second shift. Shortly thereafter, however, she requested a temporary leave of absence for the purpose of making some arrangements for the care of her children which would permit her to work the second shift. After being advised that such a leave of absence was not available, the appellant left her employment following the end of the last third shift.

Section 402(b)(2) provides, in pertinent part, as follows:

An employe shall be ineligible for compensation for any week—

(b)(2) In which his or her unemployment is due to leaving work . . . because of marital, filial or other domestic obligation or circumstance. . . .

This provision has been consistently construed to negate, as grounds for "necessitous and compelling" cause under Section 402(b)(1), 43 P.S. §802(b)(1), a voluntary termination attributable to the necessity of caring for small children or ill family members. *Unemployment Compensation Board of Review v. Brown*, 25 Pa. Commonwealth Ct. 237, 360 A.2d 813 (1976) (children); *Unemployment Compensation Board of Review v. Barnett*, 22 Pa. Commonwealth Ct. 144, 348 A.2d 434 (1975) (children and sick wife); *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746

(1974) (sick wife); *Hainzer Unemployment Compensation Case,* 202 Pa. Superior Ct. 172, 195 A.2d 842 (1963) (children); *Brown Unemployment Compensation Case,* 200 Pa. Superior Ct. 530, 190 A.2d 178 (1963) (children).

The appellant first seeks to avoid the bar of Section 402(b)(2) by arguing that Section 402(a), 43 P.S. §802(a) is properly applicable to the facts of this case. She argues that this Court should view the termination of the third shift as an involuntary termination of her employment and then determine whether she failed without "good cause" to "accept suitable work" (on the other two shifts) when it was offered to her. Were we to accept this view of the facts, the appellant may be entitled to benefits under our very recent decision in *Trexler v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976). In *Trexler, supra,* this Court held that, although the Act excludes domestic responsibilities as a possible cause of "necessitous and compelling nature" for quitting a job under Section 402(b), such responsibilities may furnish an unemployed individual with "good cause" for refusing work under Section 402(a). However, we cannot take such a view of the facts surrounding appellant's termination. Under similar facts, this Court in *Fields v. Unemployment Compensation Board of Review,* 24 Pa. Commonwealth Ct. 347, 355 A.2d 836 (1976), held that Section 402(b), and not Section 402-(a), was applicable to a claimant who left her employment when her position was eliminated and she refused an offer of continuing employment, although at a different position and at different hours, because of the necessity to care for her children. As we stated in *Fields,* "Employers frequently have occasion to alter work assignments and schedules in accordance

with changing business conditions and managerial judgment." *Id.* at 350, 355 A.2d at 837. We conclude that the present case evidences a voluntary termination and falls, therefore, within the purview of Section 402(b).[1]

Given the applicability of Section 402(b), we must now consider the appellant's contention that the specific bar of Section 402(b)(2) should not be applied to her because she made a reasonable, good faith request for a temporary leave of absence to make arrangements for the care of her children.

Our review of the record discloses a great deal of conflicting evidence on the issue of whether the appellant requested a two-week leave of absence, a leave of such duration apparently being available under management policy, or an open-ended "temporary

[1] Had this been the sole issue raised by appellant, we would hold her ineligible for benefits under Section 402(b)(2). The appellant contends that such a result would be anomalous. She argues that the Legislature could not have intended eligibility to turn upon whether, as in the present case, a claimant *left employment* to meet filial obligations (Section 402(b)(2)) or, as in *Trexler, supra,* was *unemployed and refused an offer of work* because of the same obligations (Section 402(a)).

We do not agree. The reader is referred to *Trexler, supra,* for the sound process of statutory construction by which this Court arrived at the distinction between domestic responsibilities as "good cause" under Section 402(a) and as cause of a "necessitous and compelling nature" under Section 402(b). Moreover, we conclude that the distinction is a rational one. *Employed persons* owe to their employers duties of loyalty and reliability which must be balanced against their domestic responsibilities. No such countervailing duties exist for the *unemployed.* Thus, we cannot say that it was irrational or inconsistent for the Legislature to declare ineligible, under Section 402(b)(2), those persons who put their domestic obligations above those duties owed to their employer, while permitting the *unemployed* in certain situations to remain eligible, under Section 402(a), even though they refuse a job offer because of the need to meet domestic obligations.

lay-off" until the third shift was reactivated, a leave of that nature apparently being in contravention of management policy and union rules. The referee, without making a specific finding as to which type of leave was requested, concluded that the bar of Section 402(b)(2) did not apply because the evidence indicated that arrangements for the care of her children might have been made if the leave had been granted. The Board, also without making any finding as to the type of leave requested, reversed the referee and held the appellant to be ineligible under Section 402(b)(2). Seemingly, the Board did not consider the nature of the leave requested to be relevant to determining the issue of ineligibility under Section 402(b)(2). We conclude that the Board should have considered it.

It is the public policy of Pennsylvania that compensation be paid to those who are unemployed through no fault of their own. Section 3 of the Act, 43 P.S. §752. That policy is to be considered in construing other provisions of the Act. *Barclay v. White*, 356 Pa. 43, 50 A.2d 336 (1947). A claimant will be denied benefits only if there is "explicit language in the Act which clearly and plainly excludes him." *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 559, 45 A.2d 898, 904 (1946); *McFarland v. Unemployment Compensation Board of Review*, 158 Pa. Superior Ct. 418, 422, 45 A.2d 423, 425 (1946). While the ultimate reason for appellant's separation from her employment undoubtedly was the need to provide for the care of her children, we cannot ignore the fact that termination became necessary only after her request for a temporary leave was denied. Both the employer and employee are expected to act in good faith. *Antinopoulas Unemployment Compensation Case*, 181 Pa. Superior Ct. 515, 522, 124 A.2d 513, 516 (1956). Moreover, we will

examine the conduct of the employer to make certain that he has not unreasonably placed the employee into a position whereby a termination, such as would disqualify the claimant under the Act, becomes unavoidable. *Cf. Dunkle v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 495, 327 A.2d 409 (1974) (a job offer must be meaningful and reasonably capable of acceptance before a refusal will disqualify a claimant under Section 402(d) of the Act, 43 P.S. 802(d)).

If the appellant can establish that she requested a leave of absence of the type and duration ordinarily available as a matter of company policy, we conclude that the burden would then be upon the employer to prove that the refusal of the request was reasonable and justifiable under the surrounding circumstances. In the absence of such a showing by the employer, the appellant's termination would not, in our view, fall "clearly and plainly" within the language or the intent of Section 402(b)(1).[2]

Because neither the Board nor the referee made specific findings as to the type of leave requested, whether such was ordinarily available under manage-

---

[2] This case must be distinguished from that in *Unemployment Compensation Board of Review v. Brown*, 23 Pa. Commonwealth Ct. 100, 350 A.2d 445 (1976). In that case, this Court held that under Section 402(b)(2) the question of whether the *claimant* took reasonable steps to protect his employment status need not be considered. However, in that case, there was no question as to the reasonableness of the *employer's* conduct or as to the causal connection between the claimant's termination and his domestic obligations. Moreover, the employer in *Brown* waited over one month to replace the claimant even though it had no obligation to grant a leave of absence. In the present case, there is a real question as to entitlement to a leave of absence and as to the employer's reasonableness in refusing the request for a leave, which could, in effect, break the causal connection between Dinges' termination and the need to meet her domestic obligations.

ment policy, or whether the denial of the request was reasonable, we will remand the case to the Board for the purpose of making such findings.

Accordingly, we enter the following

ORDER

AND Now, this 24th day of January, 1977, the record in the above captioned matter is remanded to the Unemployment Compensation Board of Review for proceedings not inconsistent with this opinion.