Kathleen A. Guinn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 31, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Katherine H. Fein,* with her *Marvin A. Fein,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, and *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., February 14, 1978:

Kathleen A. Guinn (Appellant) appeals the determination of the Unemployment Compensation Board of Review (Board) that she is not entitled to unemployment compensation because, during the six-month period prior to filing her application, she was not the "sole or major support of his or her family" as is required by Section 402(b)(2) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.[1]

---

[1] That section states, in relevant part:

An employe shall be ineligible for compensattion for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and

We affirm. The chronology of events leading to this case are as follows: In August of 1975 Appellant and her husband quit their jobs in Pennsylvania so that her husband could enroll as a full-time student in California. During the period prior to the move, Appellant's husband earned $8,226.54, while she earned $8,007.41. Although unable to find employment, Appellant was denied benefits because she was not the "sole or major support" of her family.

Normally, an employe will not be compensated when he voluntarily quits his job without "cause of a necessitous and compelling nature."[2] An exception has been made to this general rule where the *major support* of the family leaves "to join his or her spouse in a new locality."[3] Appellant was not the major support as she concededly earned less than 50 percent of the family's income during the applicable period.

Appellant argues that the term "major support" should be interpreted to mean, in effect, an important or significant portion of the family income rather than a simple majority of the income; that she was the sole support of her family at the time the application for

compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . .

(2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: *Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family*, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved. (Emphasis added.)

[2] Section 402(b)(1); 43 P.S. §802(b)(1).

[3] Section 402(b)(2), 43 P.S. §802(b)(2).

benefits was made; and that, in any event, this section is in violation of Article I, Section 28, of the Pennsylvania Constitution[4] as it disproportionately excludes women from receiving compensation. We cannot agree with these contentions and affirm the Board.

We can find no basis for the novel proposition that the term "major support" should be interpreted to mean an important contribution of income in support of the family. The statute requires the applicant to be the "sole or major support of his or her family" which would to us clearly denote that his or her salary must be more than just an important source of support. It must be more than the other spouse's contribution to the total family income. Moreover, as we held in *Gilman v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 630, 635-36, 369 A.2d 895, 898 (1977):

> The different treatment accorded major family wage earners and secondary family wage earners is justified by the fact that the family as a whole suffers relatively more severe economic disruption from the unemployment of the major wage earner than from the unemployment of the secondary wage earner. *The fact that the legislature's action may result, in some cases, in compensation for the 51% breadwinner, but not for the one earning 49%, does not render its action irrational or unrelated to its legitimate interest of protecting the unemployed from financial hardship.* The legislature does not violate the Constitution when it goes only part way in attempting to alleviate a pressing social prob-

---

[4] Article I, Section 28, of the Pennsylvania Constitution states:

Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual.

lem; for '. . . the Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. . . It is enough that the State's action be rationally based and free from invidious discrimination.' Dandridge v. Williams, 397 U.S. 471 at 486-87 (1970). (Emphasis added.)

*See also Cochran Unemployment Compensation Case,* 197 Pa. Superior Ct. 149, 177 A.2d 26 (1962), where the Superior Court tacitly interpreted "major support of the family" to mean a simple majority of the family's combined earnings.

We find no merit to Appellant's argument that she is presently the sole support of her family, since by the terms of the statute, the question of whether an applicant was sole support is determined by examining the *six-month period* prior to the filing of the application or quitting work.[5] Appellant has conceded that she was not the sole support of her family during that period.

In *Gilman, supra,* we carefully examined the question of whether the alleged disproportionate effect of this section invalidates it and there held that it did not. We see no reason to overrule our prior holding. As we said in *Gilman, supra,* 28 Pa. Commonwealth Ct. at 634-35, 369 A.2d at 897:

The classification created by Section 402(b) is economic, not sexual. Claimant's statistical evidence itself reveals that on a national basis, the class of major family wage earners is not sexually exclusive, being one-fifth female and four-fifths male. While it is true that men greatly outnumber women in the favored class, numerical disparity is not alone sufficient to

---

[5] Section 402(b)(2), 43 P.S. §802(b)(2).

warrant our characterizing the classification as sex-based. In light of this determination, we need not consider whether sex is a suspect basis for classification, requiring strict judicial scrutiny and the application of the compelling state interest test.[3]

[3] Our determination that the classification is not based on sex also disposes of Claimant's argument with respect to the Pennsylvania Equal Rights Amendment.

We also note that this issue was first raised upon appeal and that the record is devoid of any facts from which any discrimiatory effect of the statute can be inferred.

Accordingly, we

ORDER

AND Now, this 14th day of February, 1978, the decision of the Unemployment Compensation Board of Review is hereby affirmed.