### Guida v. Wentzel

*Richard L. Guida*, for petitioner.
*Beckley and Madden*, for respondents.

CALDWELL, J., August 30, 1979—We have before us the petition of Constance M. Guida to enforce a subpoena issued to respondent, H. Charles Ryder, by the Unemployment Compensation Board of Review (hereinafter called the board). This proceeding was initiated pursuant to section 507 of the Act of December 5, 1936, P.L. (1937) 2897, as amended, 43 P.S. §827. The subpoena in question was issued by the board in connection with petitioner's claim for unemployment compensation against her former employer, the West Shore School District, and the named respondents are officials employed by the school district. After reviewing the facts and the legal points involved we have concluded the petition must be dismissed on procedural and substantive grounds.

Petitioner seeks to enforce the subpoena as an agent of the board, in accordance with the statutory authority cited above. In connection with enforcing its subpoenas the board has adopted regulations which afford an opportunity to one who decides not to honor a subpoena to show cause *to the board* for the noncompliance. Specifically, a regulation adopted by the board under the Unemployment Compensation Law provides as follows:

"(a) When any person refuses, fails or neglects to comply with a subpoena issued pursuant to the Unemployment Compensation Law (43 P.S. §826), or refuses, fails or neglects to produce any books, papers, correspondence, memoranda, or any other records and documents, any party to the appeal proceedings may request the Board to petition a Court of Common Pleas having jurisdiction to require the

person subpoenaed to appear and give testimony and to produce the books, papers, correspondence, memoranda, or other records and documents described in the subpoena.

"(b) The request to the Board shall be in writing and shall set forth the facts as to the issuance and service of the subpoena, including a description of the books, papers, correspondence, memoranda, or other records and documents as contained in the subpoena, and a statement as to the residence and present whereabouts of the person subpoened. *The Board will give notice by mail to the person alleged to have refused, failed, or neglected to comply with the subpoena, and unless, within five days after the mailing of such notice, he shows cause why he did not comply, the Board may proceed to compel such compliance as provided in this part.*" See 34 Pa. Code §101.34 (Emphasis supplied).

Petitioner contends that since she, and not the board, is seeking enforcement of the subpoena in this court, the regulations cited above have no application and the notice step spelled out in the regulations is not required. The difficulty with this position is that petitioner is before us as the board's *agent* under 43 P.S. §827, and under general principles of agency law she enjoys only those remedies, rights and powers possessed by her principal, to wit, the board. If the board is required to give notice and opportunity to be heard to a noncomplying person when it is attempting to enforce a subpoena, the same notice must be given when the board is acting through an agent. It is only after the refusal has been reviewed by the board that it or its agent may proceed in a common pleas court under

43 P.S. §827. The existence of this procedural deficiency ousts us of any participation in this matter at this time.

We recognize that the question may yet be before us on the merits and inasmuch as we held a hearing on this matter that enables us to reach the merits, we believe it to be in the interests of judicial economy to indicate our conclusions concerning petitioner's efforts to subpoena the records she seeks from the school district.

Petitioner was dismissed by the school district for taking unpaid leaves, contrary to the prior express written disapproval of such absences by her superiors in the school district. She argues that the school district by its dealings with her, and with other employes in the past, has, or may have, established a policy that would enable her to be absent from work without her employer's consent on the occasion resulting in her dismissal. In pursuance of this theory she seeks to subpoena the district's employment records in an effort to find similar absences by other employes. This would involve reviewing 1800 employe files.

The possible existence of an alleged policy in the school district by its dealings with her, and with other employes in the past, has, or may have, established a policy that would enable her to be absent employes. Although petitioner was granted absences without pay in prior years it was certainly within the discretion of the school district to deny future leaves, which was done in this case. The discretionary granting of leaves in the past to an employe would not preclude or estop an employer from deciding against the granting of such leaves in the future.

The school district has no affirmative policy of granting absences from work without pay, and we do not think a policy concerning the subject can be imposed on the district from a statistical study of the records. Furthermore, petitioner's testimony concerning alleged cases similar to hers was vague and rested entirely on hearsay, and affords no reasonable basis for the magnitude of the subpoena sought to be enforced. Petitioner referred in general terms to certain absences of four employes but her testimony does not establish that these employes are in the same employment status or that they were given what she was denied. None of these individuals appeared as witnesses to establish that discrimination was shown between similarly situated employes, and we believe their individual circumstances would be collateral matters in any event.

Reference to the subpoena itself shows that the information sought to be produced in items 1, 5, 6 and 7 is largely irrelevant to the theory of petitioner's claim for compensation. Under the decision in Dinges v. Unempl. Comp. Board of Review, 28 Pa. Commonwealth Ct. 306, 369 A. 2d 898 (1977), petitioner need only establish that she requested a leave of absence of the type ordinarily available as a matter of policy, and the instances she referred to may be investigated by the board to determine if they provide support for her action in taking a leave in direct disobedience to the decision of her employer. We believe the material requested in items 2 and 4 may be discoverable, but the board must afford the district an opportunity to respond to the request under the regulation referred to. Although these items may also be irrelevant to petitioner's claim, their production would not appear to impose any great burden on the district.

The production of the material sought in item 3 would be clearly burdensome to the district and appears to us to constitute a "fishing expedition," as that phrase is used in discovery matters. At the hearing it was shown to our satisfaction that substantial time and manpower would be consumed in culling 1800 employe records, on an unsupported allegation that the results would establish a "policy" that would aid petitioner in her claim. Aside from opening a Pandora's box of collateral issues, petitioner's theory at this stage is far too speculative.

Based upon all of the facts known to us we would exercise our discretion in the matter against the initiation of the discovery desired in the subpoena and would decline to enforce it.

### ORDER

And now, August 30, 1979, petitioner's request for enforcement of a subpoena is denied.