Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Betty Milauskas, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*John C. Eichon,* with him *Lewis W. Wetzel,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 5, 1976:

This is a direct administrative appeal by Betty Milauskas (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a denial of benefits on the ground that her unemployment is due to leaving work because of a marital, filial, or other domestic obligation or circumstance.[1]

Since Claimant voluntarily terminated her employment due to filial obligations, we must agree with the

---

1. Section 402(b)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(2).

Board that she is ineligible for unemployment compensation benefits. As Judge WRIGHT wrote in *Cochran Unemployment Compensation Case*, 197 Pa. Superior Ct. 149, 152, 177 A.2d 26, 27 (1962):

"A study of the history of the development of Section 402 (b) (2) indicates that it was clearly the intention of the Legislature to render ineligible for benefits a claimant who leaves work because of marital, filial, or domestic obligations, unless the particular claimant involved falls within the currently effective statutory exception."

Although there is evidence of record that Claimant has moved to a new location not within reasonable commuting distance, she has not established that during the six months prior to the termination of her employment, she provided the sole or major means of support for her mother. *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 551, 322 A.2d 746, 748 (1974).

Therefore, we

#### ORDER

AND NOW, this 5th day of February, 1976, the decision and order of Unemployment Compensation Board of Review is hereby affirmed.