## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania v. Josephine E. Brown, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Michael D. Foglia,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 21, 1976:

Appellant was employed for approximately five years, until December 20, 1974, as a telephone solicitor. During her employment, appellant worked the day shift, from 9:00 a.m. until 3:00 p.m.

At the time of her separation, appellant was informed by her superiors that night work, on the 4:00 p.m. to 8:00 p.m. shift, was available but not mandatory. After rejecting the night shift due to domestic responsibilities as the mother of two school age children, appellant's supervisors told her she would be laid off until more work was available and advised her to apply for unemployment compensation benefits.

On December 29, 1974, appellant applied for benefits. After a denial by the Bureau of Employment Security, appeal was taken to a referee who, after holding a hearing on February 13, 1975, also denied benefits. The Unemployment Compensation Board of Review (Board), on request of appellant, remanded for additional testimony. A remand hearing was held on May 14, 1975, and thereafter the Board affirmed the referee's denial. The decision of the Board is now appealed to this Court.

Section 402(b)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(2), provides, in part:

"An employe shall be ineligible for compensation for any week—

". . . .

"(b)(2)  In which his or her unemployment is due to leaving work . . . because of a marital, filial or other domestic obligation or circumstances. . . ."

It was found below that the appellant severed the employee-employer relationship when she was unable to accept night hours and she was unable to accept the new shift due to domestic obligations. In *Unemployment Compensation Board of Review v. Barnett*, 22 Pa. Commonwealth Ct. 144, 348 A.2d 434 (1975), the claimant was available for day work, of which the employer had none, but had to remain home in the evening to care for his sick wife and children. There, as here, the explicit language of Section 402(b)(2) required us to affirm the Board's denial of benefits.

Appellant asserts there was no substantial evidence to support the conclusion that appellant's separation from her employment was voluntary. We cannot agree. Appellant's own testimony discloses that she would have been able to continue to work if she had been willing to accept new hours.

The record further shows that appellant's supervisors mistakenly informed her that unemployment compensation benefits would be available. Although such misinformation is most regrettable, it cannot alter our decision which is mandated by law.

Accordingly, we enter the following

ORDER

Now, June 21, 1976, the order of the Unemployment Compensation Board of Review, dated August 15,

1975, affirming the referee's denial of benefits to appellant, is affirmed.

Judge KRAMER did not participate in the decision in this case.