Marlene S. Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Western Electric Company, Intervenor.

Argued February 3, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*John R. K. Solt,* with him *James C. Lanshe, Jr.,* and *Lanshe, Lanshe & Lanshe,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Thomas L. Devilbiss,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 16, 1978:

Marlene S. Snyder has appealed from an order of the Unemployment Compensation Board of Review dated December 27, 1976 which affirmed a Referee's decision denying benefits.

Ms. Snyder was employed as a bench hand by the Western Electric Company. On March 12, 1976 Ms. Snyder was informed that she would be bumped from her day shift position because she was one of two persons with the least seniority in her job classification. She was, however, offered work similar to that which she had performed on the second or third shift with the same rate of pay plus a ten percent (10%) night differential. Ms. Snyder rejected the offer of work on the second and third shifts because she was unable to make arrangements for the care of her fourteen year old daughter. She did not work after April 2, 1976, when her position on the day shift was terminated.

Ms. Snyder applied for unemployment compensation benefits which the Bureau of Employment Security denied under the provisions of Sections 401(d) and 402(b)(1) of the Unemployment Compensation Law,

Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801(d), 802(b)(1). Section 401(d) provides that compensation shall be payable to an employee who is able and available for suitable work. Section 402(b)(1) says that an employee who quits work without cause of necessitous and compelling nature is ineligible.

Ms. Snyder appealed. After hearing, a referee affirmed the denial of benefits pursuant to Section 401 (d) only, that is, the referee concluded that Ms. Snyder was not available for suitable work. Ms. Snyder appealed this decision to the Unemployment Compensation Board of Review. After a remand and a further hearing, the Board decided that Ms. Snyder was ineligible for benefits under Section 402(b)(2), which provides that one who leaves work because of marital, filial or other domestic obligations is ineligible. The Board held that there was no competent evidence in the record upon which to make a determination of Ms. Snyder's general availability under Section 401 (d). Ms. Snyder has appealed the Board's decision to this Court. We affirm.

Section 402(b)(2) has consistently been held to negate the use of marital, filial or other domestic obligations as causes of necessitous and compelling nature justifying a voluntary quit under Section 402(b) (1), 43 P.S. §802 (b)(1). *Unemployment Compensation Board of Review v. Brown,* 25 Pa. Commonwealth Ct. 237, 360 A.2d 813 (1976); *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974).

The facts of this case are strikingly similar to those which existed in our recent decision of *Dinges v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 306, 369 A.2d 898 (1977). There, the claimant was informed that her shift, the third, was to be eliminated but she was simultaneously

offered a similar position with a similar salary on the first or second shift. After being denied a temporary leave of absence in order to make arrangements for the care of her children, the claimant terminated her employment at the end of the last third shift. We held that this constituted a voluntary termination within the purview of Section 402(b), 43 P.S. §802(b) and that the claimant was therefore ineligible for unemployment compensation benefits. We believe that Ms. Snyder's actions also constitute a voluntary termination under Section 402(b) and that she is ineligible for benefits under Section 402(b)(2) since there is substantial evidence to support the Board's finding that Ms. Snyder terminated her employment because she was unable to make arrangements for the care of her daughter while she worked the second or third shift.

We therefore affirm the Board's order denying benefits.

### Order

And Now, this 16th day of June, 1978, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated December 27, 1976, is affirmed.