## Miele Unemployment Compensation Case.

Argued October 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*David H. Kubert,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

OPINION BY ROSS, J., November 11, 1953:

In this unemployment compensation case, the bureau issued a decision ruling the claimant ineligible, which decision the referee, after a hearing, reversed and allowed benefits. The employer, Campbell Soup Company, filed an appeal from the referee's decision and the Board of Review reversed the referee and denied benefits under Section 402(b) of the Unemployment Compensation Law. From that decision claimant has appealed to this Court.

The Board made the following findings of fact:

"1. Claimant was last employed by the Campbell Soup Company, Camden, N. J., and was laid off on May 12, 1952, due to lack of work. The layoff was the result of a labor dispute which commenced on May 12, 1952 midnight.

"2. On May 29, 1952, the labor dispute was declared officially over and the Company's employes, 5,000 in all, were notified to return to work on June 2, 1952. Such notification was made by way of radio announcements and publications in the local newspapers, Evening Bulletin and Philadelphia Inquirer.

"3. The claimant not only did not peruse the newspapers nor listen to the radio in an effort to ascertain when work would again be available for her, but she likewise failed to contact the company in an attempt to resume the employment relationship. As a result, when the plant resumed production, claimant did not again become gainfully employed."

At the hearing before the referee the claimant testified that she saw nothing in the newspapers to indicate that the strike was over at the employer's plant and that she could return to work. Further, she testified that she was depending upon written notice through the mail to call her back to work because "When I started to work there they gave me a week

off and I got mail to go back to work, so I was depending on it again." At a further hearing before the Board the claimant testified that on the day she was laid off the forelady told her and others in her department "don't come in to work unless you are notified".

It is clear that claimant's conduct is not consistent with a genuine desire to work and to be self-supporting. Her argument that she was entitled to written notice to return to work because "on previous instances of a similar nature" she was given such notice is devoid of merit and furthermore is not supported by the testimony. She testified that the company gave "me" a week off and then gave written notice to report back to work. For all that appears, therefore, claimant was the only one given a week off at the time. On this occasion 5,000 employes were furloughed at the same time. No reasonable person would consider the two occasions to be of a "similar nature".

Equally without merit is claimant's contention that she was entitled to written notice based upon her testimony that her forelady "came over to us girls and said, don't come in to work unless you are notified". The company after settlement of the labor dispute did notify its employes to return to work in the only manner practicable under the circumstances, by announcements in newspapers of general circulation and over radio stations in the area. We find nothing in the record to indicate that claimant could reasonably expect preferential treatment by her employer.

As Judge HIRT stated in *Michalsky v. Unemployment Compensation Board of Review,* 163 Pa. Superior Ct. 436, 62 A. 2d 113, at pages 438-439: "Section 3, Article 1, of the Unemployment Compensation Law, 43 PS §752, is a declaration of public policy as to the purposes and aims of the legislature in establishing our

system of unemployment compensation. It specifically recites that the setting aside of unemployment reserves are made compulsory under the police power 'for the benefit of persons unemployed through no fault of their own'. The public policy so declared must be considered in construing every provision of the Act and in determining eligibility for compensation in every case. Barclay White Co. v. Unemp. Comp. Bd., 356 Pa. 43, 50 A. 2d 336. In Dept. L. & I. etc. v. Unemplmnt. Comp. Bd., 148 Pa. Superior Ct. 246, 24 A. 2d 667, we emphasized a limitation on the right to the benefits intended by the Act, thus: '. . . the basic principle at the root of the Act, justifying the exercise of the police powers of the Commonwealth in its enactment, is that the reserves thus set aside from the enforced contributions of employers are to be used for the benefit of persons *unemployed through no fault of their own.*' " Construing Section 402(b) of the Act in the light of that declaration of policy impels this Court to the conclusion that the instant claimant was properly ruled ineligible thereunder. She made no attempt to preserve the employer-employe relationship but complacently waited for her employer to give her written notice to return to work under circumstances rendering such notice unlikely and unreasonable.

Decision affirmed.