HEINTZ ET AL. *v.* BOARD OF EDUCATION OF
HOWARD COUNTY

[No. 179, October Term, 1956.]

*Decided May 10, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*George Washington Williams* and *C. Maurice Weidemeyer* for the appellants.

Briefs of *amici curiae* supporting the appellants were filed by *Thomas F. Cadwalader* and *John Brockenbrough Fox.*

*Jerome A. Loughran* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment for costs entered as a result of the sustaining of a demurrer, without leave to amend, to the petition of the appellants, for a writ of *mandamus,* and dismissing that petition.

The petitioners, residents and taxpayers of Howard County, allege that the law requires the operation of separate schools for white and negro children in Howard County and in the State generally, and ask that a writ of *mandamus* be issued to the Board of Education of Howard County and the members thereof commanding them to establish and maintain separate schools for colored children under the requirements of Code, 1951, Article 77, Sections 207 and 208, which provide for separate schools for colored youths. A demurrer, filed to the petition by the Board of Education, alleges, among other things, that the matters raised in said petition for said writ of *mandamus* are res judicata.

The contention of the appellants is that the decisions of the United States Supreme Court in the segregation cases,.

both on the merits and constitutional grounds, were erroneous. In *Brown v. Board of Education of Topeka,* 347 U. S. 483, 98 L. Ed. 873, decided May 17, 1954, the Supreme Court of the United States held that the segregation of children in public schools, solely on the basis of race, even though the physical facilities and other "tangible" factors may be equal, deprives children of the minority group of equal educational opportunities and amounts to a deprivation of the equal protection of the laws which is guaranteed by the Fourteenth Amendment to the Federal Constitution and, further, that the doctrine of "separate but equal" has no place in the field of public education because separate educational facilities are inherently unequal. The case of *Bolling v. Sharpe,* 347 U. S. 497, 98 L. Ed. 884, decided May 17, 1954, construed the Fifth Amendment to the Federal Constitution as requiring the same result as to the public schools in the District of Columbia. These cases, without any change in the statute laws of the Federal Government and without any further amendment to the Constitution of the United States on that matter, specifically overruled *Plessy v. Ferguson,* 163 U. S. 537, 41 L. Ed. 256, decided in 1896, and which had been the leading authority on segregation questions since that date.

The primary contention of the appellants is that the Fourteenth Amendment to the Federal Constitution was never constitutionally proposed or adopted for the reason that more than one-fourth of the states voted to reject it, and its promulgation by the Secretary of State did not validate the amendment, and, further, that the sole power to enforce the Fourteenth Amendment is constitutionally reposed in the Congress. In *Leser v. Garnett,* 258 U. S. 130, 137, 66 L. Ed. 505, it was argued that the Nineteenth Amendment to the Federal Constitution had not been validly ratified because several of the states named in the proclamation of the Secretary of State as having ratified it, had not in fact done so in accordance with the provisions of their several constitutions. It was there said: "The proclamation by the Secretary certified that, from official documents on file in the Department of State, it appeared that the proposed Amend-

ment was ratified by the legislatures of thirty-six states, and that it 'has become valid to all intents and purposes as a part of the Constitution of the United States.' As the legislatures of Tennessee and of West Virginia had power to adopt the resolutions of ratification, official notice to the Secretary, duly authenticated, that they had done so, was · conclusive upon him, and, being certified to by his proclamation, is conclusive upon the courts." *Willoughby on the Constitution of the United States,* Vol. 1, 2d Ed., Section 334, pages 600, 601.

In *Coleman v. Miller,* 307 U. S. 433, 450, 83 L. Ed. 1385, 1394, decided June 5, 1939, Chief Justice Hughes, after reciting the history of the adoption of the Fourteenth Amendment, said: "This decision by the political departments of the Government as to the validity of the adoption of the Fourteenth Amendment has been accepted. We think that in accordance with this historic precedent the question of the efficacy of ratifications by state legislatures, in the light of previous rejection or attempted withdrawal, should be regarded as a political question pertaining to the political departments, with the ultimate authority in the Congress in the exercise of its control over the promulgation of the adoption of the amendment."

Even if we assume that the Fourteenth Amendment was not validly adopted and that the *Brown* and *Bolling* cases, *supra,* were based on delicate social and economic questions and was pure judicial legislation, as contended by the petitioners, we are faced with the fact that the Supreme Court of the United States has passed upon petitioners' contentions and found them untenable and unsound. Whatever may be the powers of the Supreme Court to correct and overrule its own decisions relating to the construction or interpretation of the Constitution of the United States, we are without any such power. On the contrary we must recognize the binding force of such decisions of the Supreme Court and be controlled by them. *Leser v. Board of Registry,* 139 Md. 46, 61, 114 A. 840. In *Brown, et al. v. Board of Education of Topeka, Kansas, et al.,* 349 U. S. 294, 99 L. Ed. 1083, decided May 31, 1955, it was stated that the courts should require that the defendants, Boards of Education, make a

344

prompt and reasonable start toward full compliance with the Supreme Court's order in the former case of *Brown v. Board of Education of Topeka, supra.* The Supreme Court having so ruled, the sustaining of the demurrer to the petition was correct.

*Judgment affirmed, with costs.*