UNITED STATES of America

v.

ASSOCIATION OF CITIZENS COUNCILS OF LOUISIANA et al.

Civ. A. No. 7881.

United States District Court
W. D. Louisiana,
Shreveport Division.

July 27, 1960.

Joseph M. F. Ryan, Acting Asst. Atty. Gen., Harold R. Tyler, Jr., Asst. Atty. Gen., Robert Owen, and David Ruben Attys., Dept. of Justice, Washington, D. C., T. Fitzhugh Wilson, U. S. Atty. for W. D. La., Shreveport, La., for plaintiff.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Thompson L. Clarke, Dist. Atty., Sixth Judicial Dist., St. Joseph, La., Albin P. Lassiter, Dist. Atty., Fourth Judicial Dist., Monroe, La., Fred L. Jackson, Dist. Atty., Second Judicial Dist., Homer, La., for defendant Pauline A. Culpepper, Registrar of Voters of Bienville Parish, La.

Albert E. Bryson, Shreveport, La., for Assn. of Citizens Councils of Louisiana, Inc.

J. Roy Caskey, Arcadia, La., for all defendants except Culpepper and the Assn. of Citizens Councils.

Turner B. Morgan, Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, La., for Arcadia and Gibsland Citizens Councils and their individual members.

Before WISDOM, Circuit Judge and BEN C. DAWKINS, Jr., and HUNTER, District Judges.

## PER CURIAM.

The defendants have attacked the constitutionality of the Civil Rights Act of 1960 on a number of grounds. However, the Supreme Court's sweeping approval of the Civil Rights Act of 1957, 42 U.S.C.A. § 1975 et seq. makes it unnecessary to discuss the defendants' contentions at great length. United States v. Raines, 1960, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed. 2d 524; Hannah v. Larche, 1960, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307.

■ The constitutional attack is levelled at Titles III and VI of the Act, 42 U.S.C.A. §§ 1974 et seq., 1971(e). We find that the constitutionality of Title III, dealing with the preservation and production of voting records, is not at issue in this case. The Government's motion to produce was filed, not under Title III of the Act, but under Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A. The chief purpose of the provisions of Title III, dealing with the preservation and production of records, is to facilitate the investigation of the records before suit is filed. The chief purpose of Rule 34, however, is to give a party litigant the right to have records produced after suit has been filed.

■■ The defendants rely heavily on the contention that Section 301 of the Act violates the *ex post facto* clause of Article 1, Section 9, of the United States Constitution. We find no violation of this clause, since Section 301 operates only prospectively and not retrospectively as to any criminal prosecution.

It is well settled, of course, that the prohibition against *ex post facto* legislation applies only to criminal proceedings and not to civil matters such as this. We note that Section 302 of the Act, covering criminal prosecution for the destruction of records, does not permit punishment for destructions prior to May 6, 1960, the effective date of the Act.

■ The individual defendants and the Citizens Councils contend that the Fourteenth and Fifteenth Amendments are limited to state action, as distinguished from individual private action, and that, therefore, Title VI of the 1960 Civil Rights Act is unconstitutional in its attempted application as to them. The acts complained of triggered actions on the part of the Registrar that were ministerial under State law. We are compelled to hold that the alleged action taken by the individual defendants and Citizens Councils constituted state action within the meaning of that term as held in the decided cases. Smith v. Allwright, 321 U.S. 649, 664, 64 S.Ct. 757, 88 L.Ed. 987; United States v. McElveen, D.C., 177 F.Supp. 355; D.C., 180 F.Supp. 10, affirmed sub nom. United States v. Thomas, 362 U.S. 58, 80 S.Ct. 612, 4 L.Ed.2d 535.

■ Finally, the Citizens Councils contend that the Fourteenth and Fifteenth Amendments were adopted unconstitutionally. With all deference to able counsel, we find ourselves unable to agree with this contention in the light of the hundreds of cases in which the United States Supreme Court has applied these Amendments.[1]

Since we find the arguments alleging unconstitutionality to be without merit, this three-Judge Court is hereby dissolved.

In rendering this opinion, we are in no way expressing any views on the merits of the case. We are not holding that there was discrimination or that there was not discrimination. That question and others will be resolved by the one-Judge Court.

1. Two recent cases have held squarely that the validity of the ratification of the Fourteenth Amendment is non-justiciable. United States v. Gugel, D.C.E.D.Ky.1954, 119 F.Supp. 897; Heintz v. Board of Education, 1957, 213 Md. 340, 131 A. 2d 869, 870. See also Board of Public Instruction of Manatee County v. State (dissent), Fla.1954, 75 So.2d 832.