# Bodegard Mitchell, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 6, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Stephen R. Krone,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 23, 1975:

This is a direct administrative appeal by a claimant from an order of the Unemployment Compensation Board of Review affirming a denial of an interstate benefits claim on the ground that claimant had voluntarily terminated his employment with a Pennsylvania employer without cause of a necessitous and compelling nature under section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Claimant's admitted conduct of jumping ship to attend to his hospitalized brother in California brings him within our recent decision in *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A. 2d 746 (1974). We held in *Crumbling* that section 402(b)(1) must be construed together with section 402(b)·(2), 43 P.S. §802(b)(2), rendering ineligible a claimant voluntarily terminating his or her employment

for marital, filial or domestic obligations or circumstances, so that a voluntary termination to care for sick family members will not constitute cause of a necessitous or compelling nature under section 402 (b) (1). As we indicated in *Crumbling,* we are bound by the expressed will of the Legislature.

### ORDER

AND NOW, this 23rd day of April, 1975, the order of the Unemployment Compensation Board of Review is affirmed.