Robert G. Vandermark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Catherine J. Garbus,* with her *Eugene F. Smith,* for petitioner.

*Reese Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 8, 1979:

Robert G. Vandermark (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying claimant benefits because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We remand the case to the Board for the making of additional findings of fact.

On September 13, 1977, claimant, a truck driver employed by Hughey Trucking Company (Hughey) was involved in an accident while driving a company truck leased to Seaboard Tank Lines. At the request of Seaboard, claimant was suspended by Hughey from driving any vehicles leased to Seaboard pending an investigation of the accident. Claimant reported to Hughey

on September 14, 1977, at which time he was told he would be assigned to drive a sand and gravel truck for Hughey until Seaboard completed its investigation. Although scheduled to start work on September 16, 1977, claimant failed to report or to contact his employer regarding his absence. As a result, claimant was discharged on September 18, 1977 when he reported on his next scheduled work day.

The Bureau and referee found claimant ineligible for benefits under Section 402(b)(1) of the Act, *i.e.,* voluntarily terminating one's employment without cause of a necessitous and compelling nature. The Board also denied benefits but on the basis of willful misconduct. This appeal folowed.

We have repeatedly said that the Board must resolve all issues crucial to a decision, including justification advanced by a claimant for his conduct. *See Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977); *Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976). Here, claimant justified his unauthorized absence by explaining that his employer had a policy that if it rained, as it did on September 16, 1977, drivers assigned to sand and gravel deliveries need not call in or report to work. Claimant's employer testified to the contrary but the Board failed to make any findings resolving this conflict in the testimony. Without such findings, we are unable to determine the nature and extent of the employer's policy concerning rainy days and whether claimant's failure to call or report on September 16, 1977 violated that policy. Thus we must remand the case to the Board for more specific findings on this issue. *See Hughes v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979).

ORDER

AND Now, this 8th day of June, 1979, the order of the Unemployment Compensation Board of Review, dated February 23, 1978, is reversed, and the record is remanded for the making of additional findings of fact and a new order.