William C. Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges CRUM-LISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*Kenneth B. Burkley,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 25, 1980:
William C. Taylor was last employed as a radial saw and press operator by National Aluminum Extrusion Division in Murrysville on December 29, 1977, when he was laid off for lack of work. The layoff was advertised on employer's bulletin board as a "one day layoff" for a January 3, 1978 inventory, following the New Year's holiday. Taylor filed an application for benefits on January 3rd with an effective date of January 1, 1978. When the work force was recalled

on January 4th, and telephone communication was not readily available, employer attempted to recall petitioner by certified mail on January 13th and again on January 18th of 1978, but both were returned undelivered. On January 18, 1978, Taylor made a trip to Oklahoma for the purpose of seeking employment, but failed to check with or notify his employer. Returning home on February 8, 1978, Taylor received an employment termination letter dated January 25, 1978. The referee affirmed the Office of Employment Security's denial of benefits pursuant to Section 402 (e) of the Unemployment Compensation Law.[1] However, the Unemployment Compensation Board of Review affirmed the referee's decision with a modification predicated upon Section 402(b)(1) of the Law.[2] In response to Taylor's appeal, we must remand.

Our scope of review in these unemployment cases is clearly limited to questions of law and whether the Board's findings of fact are supported by the evidence. *Donahue v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 139, 141, 400 A.2d 251, 252 (1979). The question of whether

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

[2] Section 402(b)(1), 43 P.S. §802(b)(1), provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Taylor voluntarily quit his job is one of law to be determined upon the facts found by the compensation authorities. *Simpson v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 246, 248, 395 A.2d 309, 310 (1978). "We have repeatedly said that the Board must resolve all issues crucial to the decision, including justification advanced by a claimant for his conduct." *Vandermark v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 302, 304, 402 A.2d 309, 310 (1979). Careful review reveals no direct findings of fact to support the Board's Section 402(b)(1) conclusion that Taylor voluntarily terminated his employment without cause of a necessitous and compelling nature. Without such findings, we are unable to determine whether Taylor was justified in relying upon the prior employment history of expecting a lengthy layoff. Thus, we will remand the case to the Board for additional and more specific findings as delineated herein.[3] *See Vandermark v. Unemployment Compensation Board of Review, supra.*

Accordingly, we

## ORDER

AND Now, this 25th day of January, 1980, the order of the Unemployment Compensation Board of Review, dated September 1, 1978, is vacated, and the record is

---

[3] Remand to the Board will also provide an opportunity to re-examine the "switched issue" problem, especially where the burden of proof alters the presentation of a case. As a general rule, in a Section 402(b)(1) "voluntary quit" case, the burden of proving a right to unemployment compensation, as well as showing compelling and necessitous cause, is upon the claimant, whereas in a Section 402(e) discharge based upon willful misconduct, the employer bears the burden of proving willful misconduct. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 525, 367 A.2d 366, 369 (1976). Petitioner will now be given the opportunity to knowingly bear this burden.

remanded for the making of additional and more specific findings of fact and a new order.

Judge DiSALLE did not participate in the decision in this case.