Barbara Oller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Joseph P. Green, Jr.,* with him *John L. Walder,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 12, 1981:

The petitioner, Barbara Oller, appeals to a decision of the Unemployment Compensation Board of Review (Board) which found that she was ineligible for bene-

fits due to her voluntary termination of employment without cause of a necessitous and compelling nature.[1]

The petitioner had been employed as a manager by the 1500 Management Corporation for approximately 18 months when she submitted her resignation effective October 27, 1978. Her application for unemployment benefits was denied by the Office of Employment Security and, upon appeal, a referee affirmed that decision. The Board upheld the denial of benefits but, after review by this Court, we ordered the Board to conduct a new hearing. Additional evidence was taken by a referee who forwarded the record to the Board which found that the petitioner had complained to her employer about the work performance of one of her subordinates; that she learned that the subordinate had objected to the employer about her own work; that she requested that the subordinate be discharged, which the employer refused to do; and that the petitioner then terminated her employment, despite the fact that continuing work was available to her. The Board determined that she did not have necessitous and compelling cause for her resignation and again denied benefits.

The petitioner argues first that the Board's findings of facts are not supported by substantial evidence in that the Board's resolution of conflicting testimony was based entirely upon the record received from the referee at the second hearing. She contends that this Court is equally capable of determining credibility from the printed record and that we should, therefore, not defer to the findings made below.

The law is well settled that the Board is the ultimate factfinder and that it makes the final determination as to the credibility of witnesses and the weight

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

of evidence. *Funkhouser v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980). Where, as here, the Board has decided adversely to the petitioner, who had the burden of proving that she resigned for necessitous and compelling reason, we may overturn the Board's findings only in the event of a showing that there was a capricious disregard of competent evidence, *Funkhouser v. Unemployment Compensation Board of Review, supra,* and no such showing was made in this case.

It is further argued that, as a matter of law, the petitioner had necessitous and compelling cause to resign because of the intolerable working conditions which existed by reason of the strained relationship between herself and her subordinate, the refusal of the employer to discharge the subordinate and the accusation by the subordinate that the petitioner had been stealing money from the employer.

Whether or not a resignation was founded upon a compelling reason is a question of law to be resolved by this Court, *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977), and the burden of proving necessitous and compelling cause requires that an employee demonstrate that his or her conduct was consistent with ordinary common sense and prudence under circumstances which were real, substantial and reasonable. *Alcoa v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). It is further required that his or her actions must have evidenced a desire to maintain the employment relationship. *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979).

In the Board's discussion of the case, it found that the petitioner had resigned because her employer had

refused to discharge her subordinate as she had requested, and, inasmuch as such a finding can be sustained without a capricious disregard of the evidence, we must agree with the Board that this situation constitutes mere dissatisfaction with working conditions and does not amount to compelling cause for a resignation. *See, e.g., McNeil v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980); *Johnson v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 376, 409 A.2d 961 (1980). The record reveals, moreover, that the petitioner refused to meet jointly with her employer and her subordinate in order to determine the truth of the mutual accusations and we believe that such refusal shows a failure to exercise a reasonable effort to maintain the employment relationship. *See Colduvell v. Unemployment Compensation Board of Review, supra.*

We will uphold the Board's determination that the petitioner terminated her employment without necessitous and compelling cause and we will affirm the denial of benefits.

### ORDER

AND Now, this 12th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.