William C. Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. National Aluminum Corporation, Extrusion Division East, Intervenor.

Submitted on briefs, May 8, 1981, to President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

646

*Kenneth B. Burkley,* for petitioner.

No appearance for respondent.

*Joseph Mack, III, Thorp, Reed & Armstrong,* for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 11, 1981:

William C. Taylor appeals a second Unemployment Compensation Board of Review order denying benefits based upon a voluntary termination of his employment without cause of a necessitous and compelling reason.[1] We affirm.

In *Taylor v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 59, 410 A.2d 400 (1980), the record revealed that a December 27, 1977 layoff notice was posted on the employer's bulletin board for a January 3, 1978 inventory, that repeated attempts at recall were made, and that Taylor had made a trip to Oklahoma for the purpose of seeking employment without contacting or notifying his employer at any time. We remanded for findings of fact on whether Taylor was justified in relying upon a proposed employment history of lengthy layoffs. The Board determined on remand that claimant not

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S §802(b)(1).

only had a "prior history of participating in layoffs of both short and long duration" but "was not given any reason to believe that the layoff following December 29, 1977 would be of longer duration than shown on the bulletin board."

Taylor essentially argues that the Board's findings are not supported by substantial evidence and that the circumstances do not justify his denial of benefits. We disagree.

Having reviewed the combined record, we must conclude that the Board's decision is supported by substantial evidence and that benefits were properly denied. Although there may be some discrepancy over whether the layoff was advertised for only "one day," we have repeatedly held that the burden is clearly on an employee to take the necessary minimal steps required to preserve his employment, especially where the employee becomes unavailable for recall by his employer. *Unemployment Compensation Board of Review v. Metzger,* 28 Pa. Commonwealth Ct. 571, 368 A.2d 1384 (1977).

Affirmed.

### ORDER

The Unemployment Compensation Board of Review order, dated April 17, 1980, Decision No. B-163511-B, is affirmed.