Barbara Postel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*J. Barnard Noble,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 27, 1981:

Barbara Postel (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits on the ground that the claimant voluntarily terminated her employment without cause of necessitous and compelling nature.[1]

The claimant was employed as a welfare caseworker by the Bucks County Board of Assistance (employer). On May 19, 1978, she went on a medical leave of absence as a result of mental illness. On

---

[1] See Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

November 30, 1978, the employer notified her that she should either 1) resign or 2) request different work and return to work on December 18, 1978 with a physician's certification outlining the type of work she could perform. She did not submit her resignation nor did she report as instructed on December 18, 1978; she had no further contact with the employer.

The claimant contends that her failure to appear at the employer's office or to contact him thereafter does not constitute a voluntary abandonment of her job because the employer's request was unreasonable. In particular, she points to evidence concerning two letters she received from the employer, each dated November 16, 1978, in which the employer acknowledged that the claimant would be unable to return to work at the end of her sick leave and she points to her reply to these inquiries, in which she requested an additional six-month leave of absence. The effect of the correspondence, according to the claimant, was to put the employer on notice that she would be unable to return to work.

The Board found that the employer's letter of November 30, 1978 constituted a refusal of the claimant's request for an additional six-month leave of absence. The Board also found, and we agree, that the claimant's subsequent failure to report to work as requested by her employer and her failure to contact the employer in any way thereafter concerning the employer's request that she either report to work or resign, constituted a voluntary termination of her employment. *Wing v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 103, 426 A.2d 198 (1981).

The claimant further contends that, even if the termination of her employment was found to be voluntary, her mental illness constituted a necessitous and compelling cause for her leaving so that she is still en-

titled to benefits. The Board found, however, that she was physically capable of returning to work in a capacity other than that of her previous position, and this finding is based on evidence submitted by the claimant's psychologist.[2] Moreover, as we have previously held, when an employee asserts that health problems constitute a necessitous and compelling cause for voluntary termination of employment, the employee must show that lighter or more suitable work was requested prior to the termination. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). Here, however, the claimant failed to request lighter work despite the clear opportunity to do so presented by the employer.

We believe that the Board properly concluded, therefore, that the claimant voluntarily terminated her employment without cause of a necessitous and compelling cause, and that she is consequently ineligible for benefits.

ORDER

AND Now, this 27th day of July, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.

---

[2] The claimant had the burden of proving before the Board that her voluntary termination was for a necessitous and compelling cause. *Oller v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 459, 426 A.2d 741 (1981). Where, as here, the claimant was unsuccessful in carrying that burden, our scope of review over findings of fact of the Board is to determine whether or not the Board capriciously disregarded competent evidence. *Jimenez v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 434, 417 A.2d 870 (1980).