Audrey I. James, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 7, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jerome L. Munford,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *John Kupchinsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 25, 1982:

The claimant, Audrey I. James, appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying her benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law.[1] He held that she had voluntarily left work without cause of necessitous and compelling reason.

The claimant was last employed by the John W. Galbreath Company (employer) as a maintenance worker who cleaned offices in a bank building from 10:00 p.m. until 6:00 a.m. Her last day of work was July 8, 1979 after which she was on a medical leave of absence, followed by two weeks vacation. When she was to return to work in October, 1979, she requested and was granted a six-month extension of her leave, without pay, because her mother was ill. She was then scheduled to return to work on April 27, 1980, but on April 23, 1980 she requested an extension of her leave because her mother was then terminally

---

[1] (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(b)(1), which, as in effect at the time of the claimant's voluntary termination of employment, provided in pertinent part that:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his employment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

ill. The employer advised her, however, that further leave time could not be granted inasmuch as she had already been granted the maximum time-off permitted under company policy. On April 27, 1980 she informed her employer that, due to the terminal nature of her mother's illness and the consequent need that she and her father be present at the hospital, she would not be returning to work on that date. The employer responded that, if she did not return to work, she would be discharged as of that date, but that, if work subsequently "opened up," he would hire her back again. Her mother died on May 1, 1980 and when she was unsuccessful in her claim for benefits, this appeal followed.

Where, as here, the party with the burden of proof has not prevailed below, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and whether or not they can be sustained without a capricious disregard of competent evidence. *Sweigart v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). And whether or not a claimant has voluntarily terminated employment is a question of law subject to review by this Court and dependent upon the facts found by the compensation authorities. *Taylor v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 59, 410 A.2d 400 (1980). The claimant here does not dispute the findings of fact made in this case, and, when she was told that no further leave of absence could be granted by her employer and she chose not to return to work on April 27, she did voluntarily terminate her employment. As to whether or not she did so for cause of necessitous and compelling reason, of course, must also be determined. *Taylor.* She testified that she had informed her employer she could not return to work:

Because it was just a matter of time. That's all it was, a matter of time. So that was more or less there was nobody to be with her but my [90-year-old] father somebody had to watch over him. They wanted us to stay at the hospital, all evening.

She also testified that her mother had entered the hospital during the first week in April and that her condition had become critical two or three weeks later, at which time she and her aged father, who had been spending three or four hours every afternoon at the hospital, were permitted to stay through the night as well. From that time on, they spent from 6:00 p.m. until 11:00 p.m. or midnight each evening at her dying mother's bedside.

The Board relies on *Mitchell v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 501, 336 A.2d 479 (1975), for the proposition that a voluntary termination to care for a sick family member does not constitute cause of a necessitous and compelling nature under Section 402(b)(1) of the Law. Our holding in *Mitchell,* however, was premised upon previous case law which had held that Section 402(b)(1) must be construed together with Section 402(b)(2) of the Law, under which a claimant who voluntarily terminated employment for marital, filial, or domestic obligations or circumstances was ineligible for compensation benefits. However, in *Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), we declared Section 402(b)(2) unconstitutional, holding that the compensation eligibility of such applicants must be determined under Section 402(b)(1); "that is, each claimant must be afforded the opportunity to demonstrate that his termination was for a necessitous and compelling reason." *Id.* at 351, 393 A.2d at 47.

The claimant here, when faced with the choice of keeping her job or remaining at the bedside of her dying mother, chose to forfeit employment rather than leave her mother in her last hours or forsake her elderly father, who wished to remain with his dying wife. There are many instances where the care of an ill family member can be shouldered by another; however, no one can stand in another's shoes at the bedside of a close relative who is in extremis. This is a task one must carry alone. The claimant's employer was generous in affording her as much extended leave time as its policies and priorities permitted, and when it could not afford her further time, the choice of whether or not to return to work then fell to her. Given the facts of this particular case, we believe that her voluntary termination of employment for filial reasons was for cause of a necessitous and compelling nature.

We will, therefore, reverse the Board and remand the case for computation of appropriate compensation benefits.

#### ORDER

AND Now, this 25th day of August, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the case is remanded to the Board for the computation of benefits.