James E. Connelly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 6, 1982, to President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*John Stember,* for petitioner.

*Richard Lengler,* Law Student Intern, with him *Michael D. Klein,* Acting Appeals System Administrator, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 8, 1982:

James E. Connelly (Claimant) appeals the order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee to deny unemployment compensation benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1).[1] For the reasons which follow, we affirm the order of the Board.

Claimant was last employed by United States Steel Corporation (Employer) as a laborer. On January 3, 1980, the Employer placed Claimant in layoff status. On January 8, 1980, the Employer received a letter from Claimant which notified the Employer of Claim-

---

[1] Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section 402(b)(1) is now Section 402(b) of the Act, 43 P.S. §802(b).

ant's intention to travel to Dehli, India. This correspondence also advised the Employer that information mailed to Claimant's home would be forwarded to him. On January 29, 1980, the Employer telephoned Claimant's home to inform him of a recall to work. Having been told that Claimant was still in India, the Employer sent a recall letter by certified mail to Claimant at Claimant's home which was received by Claimant's father. On February 13, 1980, the Employer sent another certified letter to Claimant's home which informed him that his employment had been terminated because of his failure to respond to the recall notice within fifteen days.[2]

Following a hearing to determine Claimant's eligibility for unemployment compensation benefits, the referee found that:

13. The claimant was terminated as a voluntary quit under Section F, 3(a) of the Local Seniority Agreement between the U.S. Steel Corporation, Edgar Thompson Plant and the United Steelworkers of America Local 1219 dated September 21, 1975 which reads as follows:

"(3) Response to Recall: a. A laid off employee who fails to return within fifteen (15) days following a receipt (via certified mail) of a recall notice to a job of other than a temporary nature to which his seniority rightfully entitled him, shall be deemed to have voluntarily quit within the meaning of the Basic Labor Agreement; provided, however, Management may upon proof of good cause for failure

---

[2] This certified letter was returned to the Employer as unclaimed. On March 3, 1980, a second letter sent by regular mail was sent to the Claimant's home. This letter was not returned to the Employer.

to report within the time limit, remove the break in continuous service of the employee."

Here, Claimant, citing the Pennsylvania Supreme Court's decision in *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959), initially alleges that the referee erred as a matter of law by determining that he had voluntarily terminated his employment since her decision was, in Claimant's view, based on the terms of a collective bargaining agreement. We disagree.

In *Gianfelice,* the Supreme Court held that eligibility for unemployment compensation is governed by *"the factual matrix at the time of separation*[,]*"* and not by the terms of collective bargaining agreements. *Id.* at 551, 153 A.2d at 909 (emphasis in original). Here, the referee did not base her determination of ineligibility upon the terms of the collective bargaining agreement, but instead reached her legal conclusion after carefully reviewing the facts in this case in the "Reasoning" portion for her decision. Although the referee did find as a fact that Claimant was dismissed pursuant to the fifteen day rule specified in Section F, 3(a) of the parties' collective bargaining agreement, such a finding is not precluded by the Supreme Court's decision in *Gianfelice* where, as here, it does not constitute the sole basis for concluding that a claimant had voluntarily terminated his employment.

Claimant next alleges, in effect, that the Board erred as a matter of law by determining he had voluntarily terminated his employment based on the facts of this case. We once again disagree.

Section 402(b) of the Act provides in pertinent part: "An employe shall be ineligible for compensation for any week—[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." Whether a

termination of employment is properly characterized as voluntary or involuntary is a question of law, and therefore, within our scope of review. *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). An employee's failure to take the necessary minimal steps to preserve his employment, especially when the employee becomes unavailable for a recall, will result in the voluntary termination of employment. *Taylor v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 645, 430 A.2d 725 (1981); *Miele Unemployment Compensation Case*, 174 Pa. Superior Ct. 203, 99 A.2d 907 (1953). Thus, the issue in the instant case is whether Claimant took the necessary steps to preserve his employment.

The record before us shows that Claimant's family apparently mailed him the recall notice at a Katmandu, Nepal forwarding address he had left with them, but that he never received this notice. The record also shows, however, that Claimant, during his trip, which was of five months duration, only visited Nepal for a brief period in March of 1980. Claimant's selection of a forwarding address in an area he would visit so briefly, and his failure to keep in touch with his family even though he was aware of the possibility of a recall, indicates to us that he failed to take all of the necessary steps which a prudent person would ordinarily take to preserve his employment. We therefore believe that the Board properly concluded that his termination from employment was voluntary. Furthermore, since Claimant based his claim on the assertion that he had been involuntarily dismissed from employment, and presented no evidence on the question of whether he had a necessitous and compelling reason for terminating his employment, we believe the Board correctly concluded that he was disqualified from receiving benefits by Section 402(b) of the Act.

Accordingly, we will enter the following

ORDER

Now, October 8, 1982, the order of the Unemployment Compensation Board of Review at No. B-189823, dated November 20, 1980, is affirmed.