Service Dye Cutting & Packaging Corp., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Edward Morris, Intervenor.

Submitted on briefs June 7, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Jeffrey Ivan Pasek*, with him *Barbara Ann Sellinger*, of counsel: *Cohen, Shapiro, Polisher, Shiekman and Cohen*, for petitioner.

*Susan McLaughlin, Harvey, Pennington, Herting & Renneisen, Ltd.*, for intervenor, Edward Morris.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 2, 1982:

Service Dye Cutting and Packaging Corporation appeals an Unemployment Compensation Board of

Review order granting benefits to Edward Morris. We reverse and remand.

Morris was discharged for alleged theft of his employer's property. The referee denied benefits, finding that the evidence supported the conclusion that Morris was guilty of willful misconduct.[1] Morris appealed to the Board. Although he did not request oral argument before the Board, oral argument was granted after a written request was made by his legislator, Clifford Gray, Jr.[2] The Board, without taking additional evidence, then reversed the referee's decision and granted benefits.

It is well settled that questions as to the credibility of witnesses and evidentiary weight are left to the Board. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Two witnesses testified for Service Dye that they had seen the missing property[3] loaded onto Morris' truck. Morris denied these allegations, asserting that he only had material slated for that day's delivery. The referee's decision included findings of fact addressing this conflict in testimony and a conclusion that Morris had misappropriated the property in violation of his employer's interests.

---

[1] The Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(c).

[2] By letter dated October 31, 1980, Representative Clifford Gray, Jr., requested that the Board grant Morris an oral argument because Morris felt that the "facts were not brought out on his behalf." Service Dye asserts that this intervention may have unduly influenced the Board, thus denying Service Dye's right to an impartial hearing. This argument is raised here for the first time because Service Dye had no knowledge of this intervention until the record was forwarded to it by the Board.

[3] The allegedly-stolen property was a "skid" of material. Service Dye asserts that the Board's findings ignore what is included in the definition of a "skid."

The Board, however, in reversing the referee only made the following findings of fact on these crucial issues:

4. The claimant was not involved in the loss of the employer's skid board.

5. The claimant was discharged for alleged theft of the employer's skid board.

6. The claimant performed his assigned tasks to the best of his ability.

These findings fail to resolve the crucial issues presented, including the conflict in testimony offered. We must thus remand for additional findings of fact.[4] *See Vandermark v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 302, 402 A.2d 309 (1979).

Reversed and remanded.

ORDER

The decision of the Unemployment Compensation Board of Review, No. B-192405, dated February 20, 1981, is reversed and this case is remanded for further proceedings not inconsistent with this Opinion.

---

[4] On remand, the Board should also address the issue of the possibility of undue influence properly raised for the first time on appeal to this Court.