G. C. Murphy Company, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 14, 1983, before Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Richard A. Chesnik,* for petitioner.

*Cynthia N. Cline,* Associate Counsel, with her *Richard Faux,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 28, 1984:

G. C. Murphy Company appeals from a decision of the Unemployment Compensation Board of Review which determined that Verna M. Shipley (claimant) was not ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

The facts are undisputed. For approximately seven years claimant was employed by G. C. Murphy Co. (at its Connellsville store) as a sales clerk earning $3.60 hourly. Upon the breakdown of collective bargaining negotiations between the employer and Teamsters Local Union No. 491 (bargaining unit representative for all non-managerial employes at the Connellsville store), a strike began on September 25, 1980. While on picket duty claimant sustained back injuries after an altercation with a non-striking employe. Although the labor dispute ended in February 1981, claimant, due to her injuries, was unable to resume work until September 1981. On reporting to her employer claimant was directed to sign, as a condition precedent to recall, a document entitled "Release of Liability" absolving the G. C. Murphy Co., its agents and employes "from any and all liability arising from, occurring during, or as a result of the just-concluded economic strike."[2]

Claimant, with a personal injury action pending against the company for damages resulting from in-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[2] Richard Chesnik, Esq., Director of Labor Relations and attorney for G. C. Murphy Co., stated, before the referee, that fear of personal injury liability arising from incidents which occurred during the strike prompted the company to incorporate release of liability language in the strike settlement agreement. Thus, as a condition for recall, all employes were required to execute a "Release of Liability" form.

juries she sustained during the strike, refused to sign the liability release form. In a letter to the employer dated September 30, 1981, claimant proposed that the company agree to allow her to return to work and to maintain her lawsuit, stating that,

> If you are willing to agree to this, please sign this letter . . . and I can then go to work. If you refuse to agree to this, I will not be able to go to work at Murphy's.

The employer refused to waive the condition for recall, and, upon claimant's failure to report to work within five days of the mailing date of the recall notice as required by the strike settlement agreement, her employment was terminated.

Both the Office of Employment Security and the referee denied benefits under Section 402(b) of the Law, 43 P.S. §802(b), concluding that claimant voluntarily left work without necessitous and compelling cause. The board, without taking additional evidence, concluded that claimant had not voluntarily quit but had been discharged.[3] And, upon determining that

---

[3] Although the disposition of this matter obviates the necessity for a remand hearing, we again remind the board that its regulations, case law and due process guarantees preclude it from considering issues or grounds not addressed or relied upon by the referee absent the taking of additional evidence by the board or nonprejudicial agreement between the parties. *Libonate v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981).

Parties must be provided adequate opportunities to present evidence concerning issues not ruled upon by the referee. This is especially true when, as here, the burden of proof shifts with the issue presented. Thus, in a Section 402(b) "voluntary quit" case, claimant has the burden of proving good cause for leaving work; in a Section 402(e) "willful misconduct" case, the employer must prove willful misconduct. *Taylor v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 59, 410 A.2d 400 (1980).

claimant's refusal to sign the liability release form was justified and reasonable the Board awarded benefits.

Although dependent upon the board's undisputed findings, the threshold question of whether claimant was discharged or voluntarily terminated her employment is one of law. *Connelly v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 326, 450 A.2d 1097 (1982). Further, a voluntary quit is not limited to an express, formal resignation; conduct *tantamount* to a voluntary termination is sufficient. *Sears, Roebuck & Company v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). While a collective bargaining agreement cannot determine the voluntariness of an employment termination, *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A.2d 906 (1959), it "may provide conditions of employment which an employe may choose to accept or reject by some voluntary act on his part." *Herbster v. Unemployment Compensation Board of Review*, 186 Pa. Superior Ct. 172, 175, 142 A.2d 747, 748-49 (1958).

Upon returning to work after her medical release, claimant was confronted with a new, negotiated condition of employment (*i.e.*, the "Release of Liability" form) which she could either accept or reject. In a letter to her employer dated September 30, 1981, claimant proposed a counter-offer, expressly conditioning her return on the elimination of the new condition as it applied to her. Claimant's employment was subsequently terminated after she failed to accept the company's recall offer. We believe that claimant's conscious refusal to return to work under the new employment condition, as requested, constituted conduct tantamount to a voluntary termination of employment. *See Postel v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 68, 432 A.2d 1145

(1981). Therefore, ascribing no error to the board's findings, but only to its conclusion, we conclude that the board erred as a matter of law in determining that claimant was discharged.

The issue now presented is whether the relinquishment of claimant's right of action against her employer, as a condition for continued employment, constitutes a necessitous and compelling reason for voluntarily leaving work. Good cause for a voluntary quit connotes "real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results, adequate excuses that will bear the test of reason, just grounds for action, and always the element of good faith." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 556, 45 A.2d 898, 903 (1946). The pressure to terminate employment must be both real and substantial and sufficient to compel a reasonable prudent person under the circumstances to act in a similar manner. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

During the pendency of her personal injury action for damages resulting from injuries sustained during the strike, claimant terminated her employment rather than release her employer from liability pursuant to the strike settlement agreement. An individual's right to remedy through the courts of this Commonwealth is guaranteed by Article I, Section 11, of the Pennsylvania Constitution which reads in part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

Thus the liability release provision of the strike settlement agreement, although properly negotiated be-

tween the company and the union, palpably conflicts with claimant's constitutionally guaranteed right of remedy through due course of law.

Being subject to specific constitutional protection, claimant's right to judicial redress may not be abridged by substantial governmental restraint. Denying unemployment benefits to claimant because she voluntarily left employment in order to exercise her constitutional right to judicial remedy would clearly constitute such an impermissible restraint. Claimant would be forced to choose between her "day in court" and her job, with the result of selecting the former being the state-denial of benefits. Such a state-coerced choice would unduly burden claimant in the exercise of her constitutional right of access to the courts. *See Thomas v. Review Board, Indiana Employment Security Division,* 450 U.S. 707 (1981) (claimant, a Jehovah's Witness, had good cause for quitting his job for religious reasons after being transferred to weapons production because denial of unemployment benefits would burden the free exercise of his religious belief as guaranteed by the First Amendment to the United States Constitution).

We conclude that claimant had good cause for voluntarily leaving work rather than release her employer from liability, because a denial of benefits would impermissibly restrain claimant's specific, constitutionally enshrined right of remedy by due course of law.

Accordingly, we affirm.

### ORDER

AND Now, this 28th day of February, 1984 the order of the Unemployment Compensation Board of Review, dated January 8, 1982, at Decision No. B-202585, is affirmed.