510 A.2d 1278

Brooksie Jones, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 18, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Stokes E. Mott, Jr.,* with him, *Ronald J. Pressley, Law offices of Stokes E. Mott, Jr.,* for petitioner.

*Samuel Lewis,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, June 18, 1986:

Brooksie Jones (claimant) filed a petition for review of the order of the Unemployment Compensation Board of Review (Board), which reversed a referee's decision, and denied her benefits on the basis that she voluntarily left her work without a cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant was last employed by the First Pennsylvania Bank (employer) as a Program Analyst at the rate of $8.25 per hour. At the referee's hearing, the claimant testified that she had worked for the employer for fourteen years and originally had a 9 to 5 job with little or no overtime required. Sometime in 1983 she was assigned to a new position which required her to work overtime an average of fifteen hours a week. The overtime conflicted with the claimant's duty to care for her five children, ages 3, 6, 7, 9 and 11 years, especially as her husband was also required to work overtime at his job. When in April 1984 the person who had been caring for the children while the claimant worked overtime became ill and could no longer care for the claimant's children, the claimant tried to change her position in the bank to reduce her overtime. No transfer

was available. For this reason, the claimant testified she resigned on May 2, 1984, effective June 1, 1984. Before the effective date of her resignation, the employer offered the claimant a leave of absence. She refused the leave because the offer was not accompanied with any assurance that she would not have to work the same overtime hours which had caused her to resign.

The employer's witnesses did not dispute the necessity for overtime work in the claimant's position and one of them testified that he was "not sure at this point what Brooksie's alternatives would have been other than to cease the job."

The referee granted benefits. The Board, without receiving additional evidence, reversed the decision of the referee based on its characterization of the "babysitter's" unavailability as "temporary" and its conclusion that the claimant left simply because she didn't like overtime work.

The issue of the case is that of whether the claimant's concern for the care of her five young children while she weekly performed fifteen hours of work after five o'clock in the evening constituted a necessitous and compelling reason for her quit. We think that it did and that the Board committed an error of law in concluding that it did not.

The Board in discussion wrote that the "[c]laimant had a temporary babysitting problem and proposed that as her reason for quitting, but that her real reason was the overtime she had to put in." There is no evidence in this record that the claimant's problem was of a temporary nature and the Board's conclusion that the claimant's reason for quitting was that she just didn't like overtime work conflicts with its finding of fact that the "[c]laimant resigned because of a conflict with the overtime at work and her need to care for her five children ages 3, 6, 7, 9 and 11 years."

Surely, the claimant's need to care for her children after five o'clock in the afternoon was as imperative as the need of the claimant in *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978), to care for her two children which was the occasion for our holding that the then provision of the Law declaring persons who quit work for domestic reasons to be ineligible for compensation was unconstitutional; and just as surely the claimant's need was as imperative as the need of the claimant in *James v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 428, 449 A.2d 791 (1982), who quit work to be at the hospital bedside of her terminally ill mother, a reason which we held to have been of a necessitous and compelling nature.

Order reversed.

## ORDER

AND NOW, this 18th day of June, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.