632 A.2d 1088

Martin J. O'BRIEN, Appellant,

v.

CITY OF BUTLER, Municipal Officers and
Employees Retirement Pension Board.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1993.

Decided Oct. 25, 1993.

Vincent X. Yakowicz, for appellant.

James P. Coulter, for appellee.

Before PALLADINO and KELLEY, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

Martin J. O'Brien (O'Brien) appeals from an order of the Court of Common Pleas of Butler County (trial court) which held that O'Brien was not entitled to his pension, but was entitled to a refund of his contributions.

On October 5, 1992, O'Brien and the City of Butler Municipal Officers and Employees Retirement Pension Board (Board) filed a joint petition for declaratory judgment in the trial court. At that time, the parties stipulated to the following facts.

O'Brien was employed by the City of Butler (City) as the City Solicitor for a period of 15.5 years. On December 2, 1985, O'Brien applied through a nominating committee appointed by Governor Thornburg for the position of judge in the Court of Common Pleas of Butler County. On April 30, 1986, the Governor nominated O'Brien for the position. The nomination was confirmed by the Senate on June 30, 1986.

On July 16, 1986, the City Council of Butler met in regular session and "released" O'Brien as City Solicitor effective July 20, 1986. Specifically, the motion passed by City Council stated, "[m]otion of Mayor Schontz, seconded by Councilman Vero, City Council release[s] Martin J. O'Brien, Esq. as City Solicitor effective July 20, 1986, as he has been appointed Butler County Judge effective July 21, 1986." Minutes of Regular Meeting of City Council held July 16, 1986. On July 21, 1986, O'Brien took the oath of office as judge of the Court of Common Pleas of Butler County.

On August 20, 1986, O'Brien applied for his pension from the City. The Board did not act on the application at that time. O'Brien later requested that no action be taken until he

attained the age of sixty. In 1991, when O'Brien reached his sixtieth birthday, O'Brien reapplied to the Board for his pension. The Board concluded that O'Brien was not entitled to a pension since he had not been in active service for a period of twenty years, nor had he been terminated by the City. Accordingly, the Board voted to deny the application.

Based upon these stipulated facts, the trial court concluded that "... by his actions, if not his words [O'Brien] asked to leave his city position. By so acting he was voluntarily terminating his employment as the City Solicitor." Trial court opinion at 3. Accordingly, the trial court determined that O'Brien is not entitled to his pension, but is entitled to a full refund of his contributions. O'Brien appealed to this court.

On appeal, the sole issue presented is whether the trial court erred in concluding that O'Brien left his employment with the City as a result of his voluntary action and is, therefore, ineligible for a pension under the local ordinance.[1]

The statute enabling the City to adopt a pension ordinance is section 39374 of the Third Class City Code [2] which provides in pertinent part as follows:

(b) ... where an officer or employee shall have served for twelve (12) years, or more, and shall not have attained the age of sixty (60) years, and his tenure of office or employment *shall be terminated without his voluntary action* before the expiration of twenty (20) years of service, he shall, in such event, during the remainder of his life, after attaining the age of sixty (60) years, be entitled to receive such portion of the full compensation as the period of his service up to date of its termination bears to the full twenty-year period of service ...

1. Our scope of review in a declaratory judgment action is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether an error of law was committed, and whether the trial court abused its discretion. *Apollo–Ridge School District v. Tax Claim Bureau of Indiana*, 141 Pa.Commonwealth Ct. 111, 595 A.2d 217 (1991).

2. Act of June 3, 1931, P.L. 932, *as amended*, 53 P.S. §§ 35101–39701.

53 P.S. § 39374 (emphasis added). The language of the City's pension ordinance is identical to that of the above-cited provision. Codified Ordinances of the City of Butler, Pennsylvania, Article 145.04(b)(1).

O'Brien argues that his employment as City Solicitor was unilaterally terminated by City Council's action in voting to release him. He further argues that because he was released from employment with the City, his tenure with the City was terminated without his voluntary action. We disagree.

█ The voluntary termination of employment is not limited to an express, formal resignation. An employee's conduct which is tantamount to a voluntary termination is sufficient. See G.C. Murphy Company v. Unemployment Compensation Board of Review, 80 Pa.Commonwealth Ct. 464, 471 A.2d 1295 (1984).

In the present action, O'Brien actively sought the position of Judge for the Court of Common Pleas of Butler County for over six months. O'Brien did so with the knowledge that if he were appointed to the position, he could no longer maintain his position as City Solicitor. Following Senate confirmation of O'Brien's nomination, City Council voted to release O'Brien effective July 20, 1986 because he had been appointed to the bench effective July 21, 1986. At the same City Council meeting, the minutes reflect that O'Brien "expressed his thanks and appreciation to the present and past city officials and city employees for cooperation during his years with the City as City Solicitor, this final Council meeting before taking the oath of office for the 3rd Butler County Judge ..." Minutes of Regular Meeting of City Council held July 16, 1986.

We conclude that when viewed in their entirety, the actions of O'Brien and the City with respect to the termination of the employer-employee relationship clearly indicate that O'Brien's appointment to the position of Judge for the Court of Common Pleas of Butler County was the sole reason for his separation from the position as City Solicitor.

Because O'Brien's employment with the City was terminated by his voluntary action prior to the expiration of twenty years of service, O'Brien is not entitled to a pension from the City. He is, however, entitled to a full return of his pension contributions.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, October 25, 1993, the order of the Court of Common Pleas of Butler County in the above-captioned matter is affirmed.

KELLEY, J., dissents.